LYDIA A. GRAHAM v. THE TOWN OF OXFORD, Appellant.

**Defective Sidewalk:** JURY QUESTION.  It cannot be said as a matter
1   of law that a town is not liable for a defect in a sidewalk, consist-
ing of a loose plank, because it contains a population of only five
or six hundred people.

SAME.  The question whether a defect in a sidewalk was of a character
1   sufficient to constitute negligence on the part of the town and
whether the defect had existed for such a length of time before an
accident occasioned thereby that the defendant should be charged
with knowledge of it are questions of fact and not of law.

SAME.  The jury was authorized to find that plaintiff was not negli-
1   gent, where it appeared that, on reaching a point where one portion
of the sidewalk was lower than the other, she stepped carefully on
a board on the lower portion, which slipped, throwing her to the
ground, and that such accident occurred on a dark evening, with
4   no lights near the defect in question.

**Contributory Negligence:** A person who knows of a defect in a walk
but that it can be passed in safety by the exercise of ordinary
care and is justified as a reasonably prudent man in holding that
belief, is not guilty of contributory negligence in attempting to
3   pass over in an ordinarily careful and prudent manner.

RULE APPLIED: An instruction that if the fall of plaintiff was caused
by a loose plank on the sidewalk as claimed, then it would be
necessary for the jury to determine whether defendant was.
negligent, and whether plaintiff was in the exercise of ordinary
care, was not erroneous because of the admitted fact that plaintiff
knew of such defect before the accident and could have avoided
3   such danger by going another way.

**Instructions:** ORDINARY CARE DEFINED: An instruction that there is
no absolute test in determining what is ordinary care but it may
be considered to be that degree of care which an ordinarily reas-
onable man would exercise under like circumstances, in view of

all the facts existing at the time, is not misleading because of the apparent conflict between its different parts, and such an instruction states the law with substantial accuracy. ·

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

TUESDAY, MAY 24, 1898.

ACTION at law to recover for injuries alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed*.

*Ewing & Maloney* and *Remley, Nye & Remley* for appellant.

*Joe A. Edwards* and *Baker & Ball* for appellee.

ROBINSON, J. In the evening of the first day of April, 1894, the plaintiff fell on a sidewalk of the defendant, and received the injuries for which she seeks to recover. About ten days before the accident occurred a new sidewalk was built in front of the premises of one Mrs. Scanlon. That walk was a continuation of an old walk in front of the premises of one Windrem, and at the place where they were connected the new walk was a few inches higher than the old one, the difference in height being variously estimated by witnesses at from two to eight inches. The plaintiff claims that it was from four to six inches, and that at the time of the accident a two-inch plank about six inches wide and five feet long had been placed across the end of the lower walk, next to the end of the other, in such a manner as to make a low step; that she was walking along the Scanlon walk, and when she reached

the place in question she stepped upon the board
described, and it slipped and she was thereby thrown
to the ground at the side of the walk, which was from
two to three feet lower than the walk; and that her
injuries were caused in that manner. There is much evi-
dence on the part of the defendant which tends strongly
to show that the board described by the plaintiff was
from ten to twelve inches in width, that it was securely
nailed to the walk, and that its surface was but little
lower than that of the Scanlon walk. Some of the
evidence for the defendant also tended to show that the
plaintiff did not fall at the junction of the two walks
but five or six feet from it. There was much conflict
in the evidence respecting these matters, and the find-
ing of the jury as to them, for either party, would not
have been unsupported by the evidence.

I. The appellant argues that a town containing but
five or six hundred people is not required to repair such
a defect in its walks as that in question, and that the
court erred in giving a portion of its charge
which required the jury to determine whether
the defect was of a character to constitute neg-
ligence on the part of the defendant, and whether it
had existed for such a length of time that the defend-
ant should be charged with knowledge of it before the
accident occurred. Both of the questions thus submit-
ted were of fact, and not of law, and the court did not
err in requiring the jury to answer them. It was said
in *Baxter v. City of Cedar Rapids*, 103 Iowa, 599, that
"whether an obstruction or other defect in a walk is
of a character to make the municipality which per-
mits it to exist responsible for it does not necessarily
depend upon the size of the defect, but upon the effects
which may reasonably be apprehended from it upon
persons who use the walk in a proper manner. These
will vary with the circumstances of different cases, and

whether the municipality is liable for a defect in its streets or walks will, as a rule, be a question of fact, to be determined by the jury under the instructions of the court, and not a mere question of law, to be determined by the court alone." See, also, *Ledgerwood v. City of Webster City*, 93 Iowa, 726; *Patterson v. City of Council Bluffs*, 91 Iowa, 732. It cannot be said, as a matter of law, that the defendant, because of its small population, is not liable for the defects in question.

II. The eighth paragraph of the charge to the jury is as follows : " In determining what is ordinary care, there is no absolute test, but it may be considered to be that degree of care which an ordinarily reasonable man would exercise under like circumstances, in view of all the facts existing at the time." The appellant complains of this on the ground that the first part of it states that there is no absolute test of ordinary care, and that the last part gives an absolute rule for determining what it is. We think the conflict, if any, between the different parts of the paragraph is more apparent than real. Taken as a whole, it means that there is no fixed rule for determining what is ordinary care, applicable to all cases, but that each case must be determined according to its own facts, and the general rule to that effect is stated. The jury could not have misunderstood the meaning of the paragraph, and it stated the law with substantial accuracy.

III. The court charged the jury that if the fall of the plaintiff was caused by a loose plank, as claimed, then it would be necessary for the jury to determine whether the defendant was negligent in having the plank in that position, and whether at the time the plaintiff fell she was in the exercise of ordinary care. The appellant insists that this was erroneous, because the plaintiff admits that she knew of the defect before the time of the accident.

and the evidence shows that she could have avoided danger from it by going another way. But it is not true that one who knows of a defect in a walk is necessarily guilty of negligence if he attempt to pass over it. Much depends upon the character of the defect, the occasion for passing over it, and the care used in doing so. If a person knows of a defect in a walk, but believes that it can be passed in safety by the exercise of ordinary care, and he is justified as a reasonably prudent man in holding that belief, he is not negligent in attempting to pass over it in an ordinarily careful and prudent manner. *Nichols v. Town of Laurens,* 96 Iowa, 388; *Barnes v. Town of Marcus,* 96 Iowa, 675. We think the paragraph of the charge in question is not vulnerable to the objection made. Other portions of the charge are criticised, but we find them to be substantially correct.

IV. The accident occurred at about nine o'clock in a dark evening. There were no lights near the defect in question and the walk was frosty. The plaintiff states that when she reached the defect she stepped down upon the board on the lower part of the walk ; that the board slipped, and she was thrown to the ground ; and that in stepping down she stepped slowly and carefully. We are of the opinion that the jury was authorized to find, from all the facts disclosed by the record, that the plaintiff was not negligent. There is ample evidence to show that the defendant should be charged with notice of the defect in time to have prevented the accident. We do not find any error in the rulings of the district court, nor cause for disturbing its judgment, which is therefore AFFIRMED.