## SUMNER v. HARRISON.

1. PRACTICE—JURIES AND JURY TRIALS—REAL PROPERTY—LEGAL IS-SUES—PARTITION.—Where issues of title are raised in partition between one defendant and plaintiff, and also between codefendants, both should be submitted to jury on issues raised by the pleadings.

2. IBID.—CIRCUIT JUDGE—PARTITION—LEGAL ISSUES—JURIES AND JURY TRIALS.—When one Circuit Judge orders an issue of title raised by pleadings between plaintiff and defendant in a partition case submitted to the jury at the next term, the succeeding Judge may disregard such order and submit to the jury both such issue and one of like nature raised between codefendants by answer.

3. IBID.—SURPRISE.—One defendant cannot be taken by surprise as to issues raised by answer of codefendant, which has been served on him.

4. LIMITATION OF ESTATES—USUFRUCT.—DEED conveying land to A, as trustee, "for the term of twenty years from and after the date of my death, for the sole use and behoof of my said children, or those of them who may be alive at that time, or their children *per stirpes,*" with power to collect rents and distribute, and to make sale after the expiration of the twenty years, and divide proceeds, *held* to carry the fee to grantee *in praesenti;* or it might be construed to be

23—54

in trust, with usufruct to grantor for life. *Watson* v. *Watson,* 24 S. C., 228; *Chancellor* v. *Windham and Law,* 1 Rich., 161; *Kinsler* v. *Clark,* 1 Rich., 170; *Dinkins* v. *Samuel,* 10 Rich., 68; *distinguished from this.*

5. APPEAL.—Can a respondent in a law case on appeal from judgment on verdict ask this Court to sustain the verdict on additional grounds?

Before ALDRICH, J., Spartanburg, November term, 1897. Affirmed

Partition by Jane Sumner *et al. v.* A. M. Harrison, Elizene Harrison, S. T. McCravy, as trustee, *et al.* The deed in contention is as follows:

"State of South Carolina. Know all men by these presents, that I, Jane Harrison, in the State aforesaid, for and in consideration of the love and affection I have for my children, E. J. Harrison, A. M. Harrison, Jane Sumner, Mary Walker, W. H. Harrison, Christian Strange, Massie Varner, and J. A. Harrison, and to secure to them the rents and profits of the following described premises, and in consideration of the sum of $5 to me paid by S. T. McCravy, of the county of Spartanburg, in the State aforesaid, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said S. T. McCravy, all that lot or parcel of land, lying and being in the county of Spartanburg and State aforesaid, and bounded on the north by Alex. Prewitt, and on the west by Nancy Cathcart, and on the south and east by A. M. Harrison and E. L. Linder, and containing seventy-one acres, more or less; for more particular description see plat made by W. C. Camp, Esq., in partition suit. In trust, nevertheless, and it is the true intent and meaning of these presents, that the said S. T. McCravy shall hold the said premises for the term of twenty years from and after the date of my death, for the sole use and behoof of my said children, or those of them who may be alive at that time, or their children *per stirpes.* And the said S. T. McCravy shall have the power, and he

is hereby authorized, to rent the said premises, to collect the rents, and after paying expenses to divide the balance among my said children or their grand-children equally *per stirpes;* and after the expiration of twenty years from my death as aforesaid, the said S. T. McCravy shall have the power, and he is hereby authorized, to sell the said premises at public or private sale, on such terms as he might think best for my said children, and to divide the proceeds of such sale among said children equally *per stirpes,* and to make good and sufficient titles to the purchaser or purchasers of said premises; together with all and singular the rights, members and hereditaments and appurtenances to the said premises belonging, or in anywise incident or appertaining. To have and to hold all and singular the said premises before mentioned unto the said S. T. McCravy, as trustee, as aforesaid. And I do hereby bind myself, and my heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said S. T. McCravy, trustee as aforesaid, against me and my heirs lawfully claiming or to claim the same or any part thereof. Witness my hand and seal, this fourth day of September, in the year of our Lord 1883, and in the 108th year of the sovereignty and independence of the United States of America. Jane (her X mark) Harrison. (Seal). Signed, sealed and delivered in the presence of S. M. Rice, John W. McCravy."

From verdict and judgment in favor of McCravy, trustee, defendant, Elizene Harrison, appeals.

*Messrs. Nichols & Jones,* for appellant, cite: *Deed to McCravy is invalid, because it attempts to convey by deed a fee to land to take effect in future:* 4 McC., 12; 2 Strob., 251; 24 S. C., 231; 4 DeS., 264, 617; 1 Rich., 164, 170. *Deed is not a covenant to stand seized to uses:* 2 Strob., 351; 24 S. C., 234; 4 DeS., 635.

*Messrs. Bomar & Simpson,* contra, cite: *If issue had been only between plaintiff and defendant, Harrison, the*

*McCravy deed could have been set up:* 47 S. C., 460.    *But in any view all issues of title raised by pleadings must go to jury without submitting issues:* 36 S. C., 559.    *Trust deed properly construed to carry fee in praesenti:* 35 S. C., 314; 46 S. C., 356; 1 Rich., 169; 10 Rich., 68; 12 S. C., 566.

March 11, 1899.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.    This action was brought by plaintiffs, as some of the heirs at law of Jane Harrison, deceased, for the partition of a tract of land on which said Jane Harrison lived, "and of which plaintiffs alleged that she died seized and possessed."    Others of the heirs of Jane Harrison were made defendants, and Elizene Harrison, and S. T. McCravy, as trustee, were also made defendants, "under an allegation that they claimed some interest in the land."    No copy of the complaint is set out in the "Case," and we know nothing of the allegations contained therein further than as above briefly stated. ·  The answer of Elizene Harrison is set out in the "Case," in which she, first, denies each and every allegation contained in the complaint; and, second, she alleges "that at the time therein specified (when that was we do not know), she was and now is in lawful possession of said premises by virtue of a deed executed by Jane Harrison to this defendant for valuable consideration, whereby said Jane Harrison conveyed to her in fee simple the whole of the land described in the complaint;" and she, therefore, demands judgment that the complaint be dismissed.    The answer of S. T. McCravy is likewise set out in the "Case," in which, admitting certain allegations in the complaint and denying others (what such allegations were we have no means of ascertaining), he answers further, setting up title in himself, as trustee, under a deed from Jane Harrison, a copy of which is appended to his answer as a part thereof.    Further answering, he says that the claim of title set up by the defendant, Elizene Harrison, is based solely on a pretended deed, which he avers is and always has

been absolutely null and void, because made long after the deed under which he claims title to the land in question; and further, because when executed said Jane Harrison was not competent to make a deed. Wherefore, he demands judgment, amongst other things, that the title to said land may be adjudged to be in him, and not in the said Elizene Harrison. A copy of this answer was served on the defandant, Elizene Harrison, on the 27th of July, 1896, and was returned the same day—but for what reason does not appear. The case was placed on Calendar 2 for trial, and on the 7th of August, 1896, his Honor, Judge Witherspoon, passed the following order: "It appearing to the Court that the defendant, Elizene Harrison, has set up by her answer a claim to the land involved in this suit, and it being proper that such issue shall be referred to a jury for trial, it is ordered, that this cause be docketed on Calendar 1 for trial, at the next term of Court, for the purpose of trying the issue raised by said defendant. Let the cause remain as now docketed on Calendar 2 for the trial of any other issues that may properly be triable by the Court." The cause came on for trial, at November term, 1897, before his Honor, Judge Aldrich, and a jury. The counsel for defendant, Elizene Harrison, raised the point, "that, under the order of Judge Witherspoon, the only issue to be submitted to the jury was the issue of title between plaintiffs and Elizene Harrison, raised by her answer." The point was overruled, and the issue of title "between the defendants, Elizene Harrison and S. T. McCravy, was also submitted to the jury." The deed under which the defendant, Elizene Harrison, claims title to the premises in question was introduced in evidence. It bears date on the 19th of November, 1894, and is in the usual form of a conveyance in fee simple, with covenants of warranty. It does not appear to have been either probated or recorded. The deed under which the defendant, S. T. McCravy, as trustee, claims title to the premises was likewise introduced in evidence. It bears date the 4th of September, 1883, and was probated on the 12th of January, 1884, and it was ad-

mitted by counsel at the hearing that it was recorded on that day. Whether any other evidence was introduced, and, if so, what it was, does not appear in the "Case," but, at the hearing in this Court, counsel agreed in writing that the "Case" should be amended by inserting therein the following: "It was admitted that the above deed was recorded on January 12th, 1884; that the $5 mentioned in the deed was not paid; that S. T. McCravy was the son of the nephew of Jane Harrison, and that Jane Harrison continued to live on the land after the deed to him was executed till her death." Inasmuch as this appeal turns largely upon the proper construction of the deed from Jane Harrison to S. T. McCravy, as trustee, above referred to, the Reporter will incorporate in his report of this case a copy of that deed. The Circuit Judge, in his charge, construed the paper purporting to be a deed from Jane Harrison to S. T. McCravy, as trustee, to be good as a deed, and should not be construed as a covenant to stand seized to uses; and, therefore, the jury were instructed that, if they found that such paper was duly executed, and that there was no other valid objection to it, such as duress, for example, it conveyed the title out of Jane Harrison and into S. T. McCravy, as trustee, the moment it was executed; and as no title, under this view, would be in Jane Harrison at the time she undertook to convey the land to the defendant, Elizene Harrison, by her deed bearing date the 19th of November, 1894, no title could pass to said defendant by such deed. The jury having found by their verdict that the title to the land was in S. T. McCravy, as trustee, and judgment having been entered accordingly, the defendant, Elizene Harrison, appeals upon the following grounds: "Because his Honor erred in submitting to the jury the issue of title raised by the defendant, S. T. McCravy, against the defendant, Elizene Harrison, by his answer, under the order of Judge Witherspoon authorizing only the submission of the issue raised against the plaintiffs' claim of title by the defendant, Elizene Harrison, thereby exceeding the terms of the order; and in not holding that it was a deed to land to

commence *in futuro,* and hence was invalid." Counsel for defendant, S. T. McCravy, gave notice that, if this Court should find itself unable to agree with the Circuit Judge in the construction which he placed upon the deed from Jane Harrison to S. T. McCravy, as trustee, this Court would be asked to hold that said deed was good as a covenant to stand seized to uses, and as such vested the title in the defendant, S. T. McCravy; and, if so, then the verdict of the jury must necessarily have been the same as it was, and the judgment entered thereon must stand.

Appellant's exception raises two distinct and different questions. 1st. Whether it was error on the part of Judge Aldrich to refuse to confine the issue of title submitted to the jury, to the inquiry whether the appellant had title *as against the plaintiffs,* and not whether the appellant had title as against the defendant, McCravy. We do not think there was any error on the part of the Circuit Judge in this respect. The cases of *Reams* v. *Spann,* 28 S. C., 530; *Carrigan* v. *Evans,* 31 S. C., 262, and *Capell* v. *Moses,* 36 S. C., 559, settle the rule upon this subject; that in a case of this kind the question of title must be submitted to the jury *"upon the issues made by the pleadings,"* and there is no necessity for, nor propriety in, the trial Judge framing issues for the jury. It will be sufficient to quote from the last of the above mentioned cases, where Mr. Justice Pope, after having declared that there should be no framing of issues in such a case, quotes with approval, and with emphasis, the following language used by the late Mr. Justice McGowan, in *Reams* v. *Spann, supra,* which had been previously approved in *Carrigan* v. *Evans, supra:* "In the trial of the legal issue, *the action being for the recovery of specific real property, the question of title should have been submitted to a jury upon the issues made by the pleadings."* Now in this case the pleadings unquestionably raised several issues of title, and all of these issues must necessarily have been submitted to the jury, before the Court, on its equity side, could proceed to determine the mat-

ter of partition. So that, even if Judge Witherspoon had intended, by his order, to limit the issue to be submitted to the jury, whether the appellant had title as against the plaintiffs—though it is not so clear, from his language, that he did so intend—he had no power so to limit the issue to be tried by the jury. Here was a tract of land which it was conceded formerly belonged to Jane Harrison, of which plaintiffs, as her heirs at law, were seeking partition; but as there were two persons—the appellant and S. T. McCravy—each setting up an independent claim to the land, it was absolutely necessary that, before any effective partition could be made, these claims should be determined; and for this purpose they were both made parties defendants. When, therefore, they each answered, setting up an independent legal title to the premises sought to be partitioned, they each had a right to have the question as to their title submitted to the jury. Besides, even if McCravy had not been made a party to this action, we see no reason why the plaintiffs might not have shown that the deed under which the appellant claimed title was of no force and effect, because her grantor had previously divested herself of title by a conveyance to McCravy or any third person, and thus defeated appellant's claim of title. But the Court having all the parties before it, could, under the pleadings, adjudicate the claims of the parties in one action; and this is what was done. It will be observed that there is nothing in the "Case" tending to show that any question was raised as to who should be the actor in the issues submitted to the jury. It cannot be contended that appellant was surprised by the claims of title set up by McCravy in his answer, for it was served upon her more than twelve months before the trial, and she, therefore, had the opportunity of knowing, and doubtless did know, what was in it, even though she returned it on the same day it was received, for what reason is not stated. Indeed, there is nothing whatever in the "Case" which even tends to show that appellant suffered any prejudice by the course pursued at the trial. She offered her deed

in evidence upon which, so far as appears, she alone relied to establish her claim of title. The deed to McCravy was like- wise offered in evidence, *without objection;* and the real con- troversy in the Court below was as to the proper construction and effect of that paper; and upon that question, as the Cir- cuit Judge, in his charge to the jury, says, counsel for appel- lant "made a very able argument, one that indicated beyond all question that he has studied his case very carefully"— showing that counsel for appellant was fully prepared to meet the real question in the case. If there were any objec- tions to the title set up by McCravy, other than that the pa- per relied upon by McCravy was invalid, both as a deed and as a covenant to stand seized to uses, they were not raised in the Court below, as they might have been, and we cannot now indulge in any speculation as to any other possible ob· jections. We do not see, therefore, how it is possible, in any view of the case, to sustain the position contended for by appellant. The next question raised by appellant's excep- tion is, whether the Circuit Judge erred in holding the paper offered by McCravy to be good as a deed. That depends upon the result of the inquiry whether the terms used in the paper show that the intention was that the title should pass to the grantee from the grantor immediately upon the exe- cution of the paper, or whether it should pass only at the death of the grantor—she reserving to herself a life estate. An examination of the terms of the paper in question will show that the intention was that the title should pass immediately, and there is nothing in the paper which, either expressly or by implication, indicates an intention to reserve a life estate in the grantor. The lan- guage used in the paper, at least, down to that portion of it in which the trusts are declared, is just such as is ordinarily used to convey a title *in praesenti;* and the only allusion to the death of the grantor is that found in the following sentence: "In trust nevertheless, and it is the true intent and meaning of these presents that the said S. T. McCravy shall hold the said premises for the term of twenty years from and after

the date of my death, for the sole use and behoof of my said children, or those of them who may be alive at that time or their children *per stirpes.*" Then follows the provision that the trustee shall rent out the premises, collect the rents and divide the net proceeds amongst the grantor's lineal descendants; and then follows the provision that at the expiration of twenty years from the death of the grantor, the trustee is empowered to sell the premises and divide the proceeds of such sale amongst grantor's lineal descendants *per stirpes.* Then comes the habendum clause, in these words: "To have and to hold, all and singular the said premises before mentioned unto the said S. T. McCravy, as aforesaid." It seems to us that the words alluding to the death of the grantor were inserted—*not* for the purpose of fixing the period at which the title was to pass—but for the purpose of indicating the period at which the power of sale conferred upon the trustee might be exercised. The language of the paper, which we are now construing, differs materially from that used in the paper construed to be a covenant to stand seized to uses, in the case of *Watson* v. *Watson,* 24 S. C., 228, which is relied upon by appellant. For in the Watson deed the language was "* * * have granted, bargained, and *at my death by* these presents, do grant, bargain and release" (italics ours). So, also, in *Chancellor* v. *Windham & Law,* 1 Rich., 161, the language of the paper was: "*At my death,* to have and to hold." And in *Kinsler* v. *Clark,* 1 Rich., 170, the words indicating an intention that the title was not to pass until the death of the grantor were much stronger. In *Dinkins* v. *Samuel,* 10 Rich., 68, there was an express reservation of a life estate. So that none of these cases are in conflict with the construction placed upon the deed from Jane Harrison to S. T. McCravy by the Circuit Judge. In the case of *Cribb* v. *Rogers,* 12 S. C., 564, Dempsey Cribb by his deed conveyed to Margaret Lewis a certain tract of land in the following words: "I, Dempsey Cribb, * * * for and in consideration of the love, good will and natural affection which I have and bear to Margaret Lewis, have given, granted and

conveyed, and by these presents do give, grant, release, convey and deliver to the said Margaret Lewis, a certain tract, piece or parcel of land, containing 467 acres, more or less, reserving for myself the use of said lands during my natural life only," followed by a description of the lands. The question was as to the effect of the words, "reserving for myself the use of said lands during my natural life only," which it was contended had the effect of postponing the vesting of the title until the death of the grantor; and this rendered the deed void, as an attempt to convey an estate of freehold *in futuro*. But the Court, saying that the usufruct might be separated from the fee, held that the title to the fee passed *in praesenti*, burdened with a use in favor of the grantor for his life. See, also, *Jenkins* v. *Jenkins,* 1 Mill C. R., 48. Inasmuch as the grantor in the case before us made no provision in the deed as to the use of the land, or the rents and profits thereof, during her life, it might be implied that her intention was to reserve for herself the *usufruct* during her life; and if so, then, under the cases just cited, that would not invalidate the deed as an attempt to convey a freehold to commence *in futuro*. But be that as it may, we see nothing in the paper which warrants the conclusion that *the title* did not pass *in praesenti;* and hence we do not think there was any error in the construction adopted by the Circuit Judge.

Under this view, it is unnecessary to consider the additional ground upon which respondent asks this Court to affirm the judgment below, even if we were at liberty to do so in a case where the appeal is from a judgment entered upon the verdict of the jury, based upon alleged error of law in the charge of the Circuit Judge; but as to this we are not to be understood as expressing any opinion.

It is the judgment of this Court, that the judgment of the Circuit be affirmed.