BLAKELY v. LAURENS CO.

1. NEGLIGENCE—BRIDGES—HIGHWAYS—JURIES AND JURY TRIALS—NON-SUIT.—Whether a hole in a bridge and want of bannisters on part of it, are the proximate cause of an injury caused by a mule backing a wagon off on account of fright from the hole, is a question for the jury, and nonsuit should not have been granted.

2. BRIDGES—JURIES AND JURY TRIALS.—Railing may be necessary to some bridges, but of this jury must judge from all the circumstances.

3. IBID.—DAMAGES—COUNTIES.—Court is not disposed to extend the doctrine announced in cases of *Brown* v. *Laurens Co.,* 38 S. C., 282, and *Mason* v. *County of Spartanburg,* 40 S. C., 390, in relation to defects in bridges and liabilities of counties for damages therefrom. *Brown* v. *Laurens Co.,* 38 S. C., 282, and *Mason* v. *County of Spartanburg,* 40 S. C., 390, *distinguished from this.*

Before TOWNSEND, J., Laurens, October, 1898. Reversed.

Action by Augustus Blakely, by his guardian *ad litem,* Thad. Blakely, against Laurens County, for damages resulting from defective repairs in bridge on public highway. From order granting nonsuit, plaintiff appeals.

*Mr. F. P. McGowan,* for appellant, cites: *As to proximate cause:* 3 Wils., 403. *Negligence is a mixed question of law and fact, and case should have gone to jury:* 51 S. C., 150; 25 S. C., 30; 48 S. C., 190.

*Messrs. Ferguson & Featherstone,* contra, cite: *This case is ruled by* 38 S. C., 282; 40 S. C., 390.

June 28, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action to recover damages sustained by the plaintiff by reason of negligence on the part of the defendant in keeping in repair a bridge on a highway in the county of Laurens, while attempting to cross said bridge. The allegations in the com-

plaint are that, at the time the disaster occurred, there was a hole in the floor of said bridge; that the bridge was too narrow for the safety of the traveling public, and part of the railing of the bridge was wanting, having been allowed to become rotten or fallen off; that the plaintiff was attempting to cross said bridge in a one-horse wagon drawn by a mule, and that "the mule, approaching the hole in the floor of the bridge, and in consequence of said hole, suddenly stopped and pushed the wagon backwards, running the wheels of the wagon along by the side of the railing, and rubbing the wheels against the same until the wagon arrived at the point where the side railing of the bridge was down and absent, when the hind wheels of the wagon went overboard, throwing the plaintiff out of the wagon and over the edge of the bridge to the ground below, a distance of some ten or twelve feet, and the hind wheel of the said wagon, in falling from the bridge, fell upon the plaintiff's arm, and broke, crushed and fractured the same." The testimony taken at the trial seems to be fully set out in the "Case," and in it we find some testimony tending to support the material allegations of the complaint. When the testimony on the part of the plaintiff was closed, the counsel for defendant moved for a nonsuit, mainly upon the ground that the testimony shows that "the fright of this mule and not that hole in the bridge caused the injury." His Honor, Judge Townsend, before whom the case was heard, granted the motion, saying that the testimony shows that the injury was caused by the fright of the mule and not by the hole in the bridge, and that as to the want of a railing, there was no law requiring a railing.

The plaintiff appeals upon the several grounds set out in the record, which need not be repeated here, as the only question in the case is, whether there was any testimony in the case tending to show that the injury complained of was caused by the negligence of the defendant, not contributed to by any negligence on the part of the plaintiff. It seems to us that there was *some* testimony tending to

show that the hole in the bridge and the want of bannisters or railing to the bridge, combined, was the proximate cause of the injury complained of. Whether such testimony was *sufficient* to show that fact, was a question exclusively for the jury; and, therefore, we express no opinion upon that point. There was testimony tending to show that the bridge in question was about ten feet wide and ten feet high; that there was a hole in the bridge about midway its length, on the side, from two to three feet long, and something over six inches wide; that there were good bannisters or railing on one side of the bridge, and for a part of the distance on the other side, but the bannisters or railing had rotted or fallen off at the point where the wagon fell off the bridge; that the mule on approaching the hole seemed to get scared at it and backed, pushing the wagon backward, rubbing the wheels against the bannisters until it reached a point where there were no bannisters or railing, when the hind wheels fell off the bridge; that the plaintiff fell, and the wagon falling on him broke his arm. There was also testimony tending to show that the mule was gentle—"a good family mule," as one of the witnesses said. It seems to us that, under this testimony, to say nothing of other testimony in the case, which we do not deem it necessary to state, the case should have been left to the jury to say whether it was sufficient to show negligence on the part of the defendant, and that such negligence was the proximate cause of the injury complained of. It may be that the hole in the bridge would not, if it stood alone, constitute the proximate cause of the injury; but when it is connected with the other defect—want of bannisters or railing on a part of the bridge—it might be sufficient; and, at all events, that was a question for the jury and not for the Court to decide.

The Circuit Judge seems to have disregarded the negligence which might be inferred from the want of a railing on the bridge, because, as he said, "the law does not require railing." While it may be true that there is no statute requiring in express terms railings on bridges upon public

highways, yet it may also be true that the want of such railings will constitute negligence in a given case, where the testimony shows that such a protection is prudent precaution against just such accidents as that which occurred in this case. There is testimony tending to show that the county authorities, charged with the duty of erecting and keeping in repair this bridge, had provided suitable railings, but that they had failed to keep them in repair, by reason whereof they had rotted or fallen off. This fact tends to show that the public authorities themselves thought the railings were necessary. At all events, this was also a question which should have been left to the jury to determine, in the light of the height and width of the bridge, and of the action of the county authorities. It seems to us, therefore, that, under the well settled rule, there was error in granting the nonsuit.

It is contended, however, by counsel for respondent, that the question in this case is concluded by the cases of *Brown* v. *Laurens County,* 38 S. C., 282, and *Mason* v. *County of Spartanburg,* 40 S. C., 390; and it must be admitted that, at first view, there is force in this contention. But a careful examination of these two cases will show that they may be differentiated from the present case; and we are not disposed to extend those cases a single iota. In Brown's case, the animal drawing the buggy in which the person injured was riding did not take fright at any defect in the bridge, but at a piece of timber lying by the roadside, which was brought there for the lawful purpose of repairing the bridge. As was said by Mr. Justice McGowan, in delivering the opinion of the Court in that case: "There was no allegation of any 'defect in the repair of the bridge,' except the absence of one piece of railing or bannister. That alone could not, with any propriety, be called such a 'defect in the repair' as the law contemplates. But if so, there was no material evidence that the absence of the bannister was the cause, the proximate cause, of the injuries. All that is claimed upon this point is, that 'the injuries occurred at the

point of the missing railing.' "    In the case under considera-
tion, the allegations are that the mule took fright at a hole in
the bridge—manifestly a defect in the bridge—causing him
to back the wagon until it reached a point on the bridge
where the railing had rotted or fallen off, when it fell off the
bridge; and there was testimony tending to prove these alle-
gations; and this makes. a material difference between his
case and that of Brown.

In Mason's case, Mr. Justice McGowan, in delivering the
opinion of the Court, after saying that the only question in
the case was whether there was any evidence tending to
show injury to the plaintiff, *through a defect* in the repair
of the highway or bridge, uses this language: "There cer-
tainly was evidence that the plaintiff received injury, and
that it was caused by the backing and sudden turning of the
horse; that, in order, was caused by the fright of the horse,
and it is only the opinion of Mr. Mason that the fright was
caused by the hole under the bridge, after the fore feet of the
animal were on the bridge;" and further on he says, "that
. the testimony of both Mr. Mason and his wife (who was in
the buggy with him) show that the injury was not received
*through* the hole under the end of the bridge but from the
fright of the horse."    There was no testimony in that case,
as there was in this, that the animal drawing the vehicle was
gentle, and on the contrary the testimony was that the
horse was a new horse, which the parties were not accus-
tomed to drive.    Indeed, the undisputed fact that the horse
had stepped across the hole under the bridge and his fore feet
·on the bridge when he took fright, showed conclusively that
he did not take fright at the hole under the bridge, but at
something else that he saw, or fancied he saw.    Here, how-
ever, the testimony was that the mule took fright as he was
approaching the hole in the bridge.    The only authorities
cited in the Mason case are *Acker* v. *County of Anderson,*
20 S. C., 498, which was not an appeal from a judgment of
nonsuit, but from a judgment entered on a verdict of the
jury, and, therefore, not in point, and the case of Brown

above considered.    We do not see that either of those cases require from us a different conclusion from that hereinabove announced.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.