6649

## KENNEDY v. CITY OF GREENVILLE.

1. ORDER GRANTING NONSUIT CANNOT BE SUSTAINED on the additional grounds that trial Judge committed error in admission of evidence or that a Judge previously trying the case erroneously granted a new trial after verdict for respondent. Nor can such questions be considered on appeal from final order under provisions of sec. 11, sub. 3 of Code of Procedure.

2. HIGHWAYS—STREETS—CITIES AND TOWNS—CONTRIBUTORY NEGLIGENCE —ASSUMPTION OF RISKS.—From mere knowledge of defect in a street, the inference should not be drawn, as matter of law, that plaintiff assumed the risk of passing over, or was guilty of contributory negligence in so doing, unless it is made to appear, the danger was so obvious, no person of ordinary prudence would have attempted to pass.

3. REHEARING refused.

Before ALDRICH, J., Greenville, March, 1906. Reversed.

Action by Julia M. Kennedy and R. H. Kennedy against City of Greenville. From order granting nonsuit, plaintiffs appeal.

*Mr. J. J. McSwain,* for appellant, cites: *Passing over a street in which plaintiff knew there was a defect is not negligence per se:* 191 U. S., 251; 55 L. R. A., 162; 5 L. R. A., 144; 40 N. W. R., 417; 38 Pac. R., 1119; 12 Atl. R., 148; 24 N. E. R., 943; 2 S. E. R., 727; 15 N. E. R., 531; Whart. on Neg., secs. 400, 997; 6 Thomp. on Neg., sec. 6304;

Beach on Con. Neg., 247; 7 Ency., 411; 15 Ency., 468; 1 L. R. A., 592; 3 L. R. A., 292; 20 S. C., 496; 55 S. C., 180; 72 S. C., 389; 7 Ency., 412; 151 U. S., 441; 46 S. C., 203; 38 N. W., 374; 8 At. R., 331, 379; 2 S. E. R., 727; 15 N. E. R., 531. *Under the statute, plaintiff is only required to show his negligence was not a proximate cause of the injury:* 55 S. C., 422; 73 S. C., 254. *Contributory negligence cannot be determined by the Court:* 48 S. C., 364; 51 S. C., 222; 25 S. C., 28. *Nor can it be presumed:* 191 U. S., 461; 21 Ency., 510. *Proximate cause can only be determined by the jury:* Beach. on Con. Neg., 40; 21 Ency., 508; 38 S. C., 214; 55 S. C., 179; 57 S. C., 436. *The "one possible inference" rule:* 7 Ency., 456; 51 S. C., 300; 52 S. C., 443; 54 S. C., 509; 55 S. C., 180; 66 S. C., 484; Beach. on Con. Neg., sec. 448; 17 Mich., 99; 71 S. C., 79; 61 N. Y. Supp., 62. *Error in granting a new trial cannot be urged as ground for supporting nonsuit in that new trial:* 53 S. C., 132; 55 S. C., 450; 54 S. C., 203. *Nor can error in admitting evidence:* 64 S. C., 580.

*Mr. Wm. G. Sirrine,* contra, cites: *Nonsuit should be granted under circumstances found to exist in this case:* Code, 1902, 2023; 58 S. C., 413, 491; 40 S. C., 348; 29 S. C., 140; 57 S. C., 295; 51 S. C., 481; 20 S. C., 495; 38 S. C., 282; 43 S. C., 398; 72 S. C., 336; 2 Dill. Mun. Corp., secs. 1007, 1020 and notes 1022; 5 Thompson, 2954, 6235, 6303; 16 Ency., 420, *et seq.*

The opinion in this case was filed August 21, 1907, but on petition for rehearing, remittitur was stayed until

September 10, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was brought by Julia M. Kennedy, to be hereafter designated as plaintiff, and her husband, R. H. Kennedy, against the city of Greenville, a municipal corporation of this State, to recover dam-

ages for personal injuries alleged to have been sustained by the plaintiff, by reason of the defective condition and mismanagement of its streets.

It appears that on and before April 26th, 1905, the defendant had been engaged in the installation of sewers in the street in front of plaintiff's residence, and for the purpose had opened a trench or excavation near the center of the street from six to eight feet deep, two to three feet wide, and several hundred yards long. All of the dirt was thrown to the south side, the side on which plaintiff's residence was, thus throwing travel to the north side, the space left on the south side being too narrow for the passage of vehicles. This excavation interfered materially with plaintiff, who was accustomed to cross the street immediately in front of her house, for the purpose of attending services at the Episcopal church, she being organist, and according to her testimony an agent of the defendant, at her request, moved the dirt and made a crossing, utilizing for the purpose a table top furnished by her. Over the objection of the defendant it was sought to be shown that this crossing was used by the public generally, with the consent and acquiescence of the defendant.

The acts of negligence alleged were failure to rope or rail the excavation and to properly light it so as to warn travellers of its exact location.

On the night of the 26th of April, 1905, plaintiff having been out, she and her daughter returned some time between 12 and 1 o'clock. The carriage stopped in front of the residence and the daughter alighted. Before the plaintiff could get out, however, the horses being restless moved up several steps, and, according to the allegations of the complaint, the night being very dark and rainy, the plaintiff lost her bearings and in moving forward, feeling with her feet for the crossing, she fell into the trench and was seriously injured.

The case first came on for trial before Judge Dantzler and a jury and resulted in a verdict for the defendant. On

motion of the plaintiff, Judge Dantzler granted a new trial on the ground that he had charged upon the facts. It was again heard at the March, 1906, term of Court for Greenville County, Judge Aldrich presiding, and after the introduction of plaintiff's testimony, on the motion of the defendant, a nonsuit was granted on the ground that the only inference to be drawn from the evidence was, that the plaintiff contributed to her injury by her negligence. The plaintiff appealed.

The controlling question in the case is whether or not the presiding Judge erred in granting a nonsuit. The respondent, in addition to the grounds on which the motion was granted, seeks to have it sustained on the ground that it was error on the part of Judge Dantzler to grant a new trial after judgment in the first case, and also on the ground of the admission of incompetent evidence by Judge Aldrich. It is well settled that a nonsuit cannot be sustained on grounds additional to those on which it was granted. *Graham* v. *Seignious,* 53 S. C., 132, 31 S. E., 51; *Sumner* v. *Harrison,* 54 S. C., 353, 32 S. E., 572; *Norris* v. *Insurance Co.,* 55 S. C., 450, 53 S. E., 566; *Lewis* v. *Hinson,* 64 S. C., 580, 43 S. E., 15. We think, however, that the errors alleged in granting a new trial can hardly be said to constitute a ground on which a motion for a nonsuit can be sustained, for the reason that it would require one Circuit Judge to pass upon the action of another. Therefore, if the matter of granting a new trial can be considered at all, it must be regarded as separate from the appeal from the nonsuit.

Defendant seeks to have the question considered under section 11, subdivision 3, of the Code of Civil Procedure, which provides: That on an appeal from "a final order affecting a substantial right made in any special proceeding, or upon a summary application in any action after judgment, and upon such appeal to review any intermediate order involving the merits and necessarily affecting the order appealed from," the Court shall have jurisdiction. It does

not require very close scrutiny to reach the conclusion that defendant is in error as to this contention.    This section was intended to apply only to collateral proceedings arising after judgment.    As was said in *Cureton* v. *Hutchinson,* 3 S. C., 606, this subdivision was intended to provide a remedy where matters, either of an independent nature or collateral to an action, arise upon a special proceeding, and where matters arise upon a summary proceeding in an action after judgment.    The idea that this section was intended to apply to motions for new trials is negatived by a special provision in subdivision 2 on this identical subject.    We have endeavored to show in the recent case of *Lampley* v. *Ry.,* 77 S. C., 319, that an appeal from such an order will lie only in those cases in which, if this Court find that there was no error was committed in granting a new trial, it can then render judgment absolute.

The question here, however, is somewhat different.    In this cause, we are met by the query as to the power of the Court to consider the granting of a new trial on an appeal from a motion granting a nonsuit in that new trial.    Whatever might be the rule when a case is decided on its merits, we are of the opinion that in the case now before us the motion cannot be considered.    A decision as to the propriety of the nonsuit is the important matter.    If the conclusion is reached that the nonsuit was properly granted, then that is an end of the matter.    On the contrary, if the nonsuit should not have been granted, then the appeal as to the granting of a new trial is fraught with all the disadvantages set forth in the case of *Lampley* v. *Railway, supra.*    If the Court should decide that the new trial was properly granted, the presumption always being that it was, then, as was said in *Caston* v. *Brock,* 14 S. C., 111, "The party allowed to appeal without restrictions from such order would have two chances, he may contend for his verdict that has been set aside in the appellate Court, and on being dismissed from that Court without relief, may return to the Circuit and have a trial *de novo* of the whole case."    Hence we hold that

the motion for a nonsuit must stand or fall upon the grounds set forth in the motion.

These grounds, several in number, raise only the question as to whether or not the only inference to be drawn from the testimony was that the plaintiff was guilty of contributory negligence. Defendant contends that plaintiff had knowledge of the condition of the street, and therefore in attempting to cross it, she assumed the risk. Mere knowledge of defects will not of itself give rise to the conclusion that the only inference is, that the plaintiff was negligent, unless it is made to appear that the danger, likely to result therefrom, was so obvious that no person of ordinary prudence would have attempted to cross.

In the case of *Mosheuvel* v. *District of Columbia,* 191 U. S., 247, 257, Justice White of the Supreme Court of the United States discussed this question at length. There it was contended that where a defect existed in a highway, and was known to one who elected to use such highway, such election, even if it were justified by the dictates of ordinary prudence, nevertheless must be held as a matter of law, to entail the consequence of a want of ordinary care and prudence. The Court said, "We are of the opinion, however, that the rule as thus contended for is unfounded in reason and unsupported by the weight of authority. When analyzed the proposition comes to this, that no person can, as a matter of law, without assuming all of the risks, use the streets of a municipality where he knows of a defect therein, even although it be that, in the exercise of a sound judgment, it might be deemed that with ordinary care and prudence the street could be used with safety. The result of admitting the doctrine would be to hold that all persons in making use of the public streets assumed all risks possibly to arise from every known defect or danger." Judge White quotes many authorities to sustain this view, and we think we cannot do better than to incorporate some of them here.

In *Dewire* v. *Bailey,* 131 Mass., 169, 41 Am. Rep., 219, the action was brought to recover from the owner of a building for damages occasioned to one who had fallen on a plank sidewalk covered with ice and snow, on his way out of the building. The proposition was that the injured person knew of the snow and ice on the walk, and therefore, by electing to use it, assumed the risk, and was, as a matter of law, conclusively presumed to be guilty of contributory negligence. In reviewing this contention the Court said: "The rulings of the Justice presiding at the trial all rest upon the proposition that knowledge on the part of the plaintiff, at the time he entered upon the sidewalk, of the accumulation of snow and ice and of the unsafe condition of the sidewalk resulting therefrom, is in law conclusive evidence that he was not in the exercise of due care in attempting to pass over the sidewalk. *Looney* v. *McLean,* 129 Mass., 33, was an action by a tenant of a part of a building against the landlord to recover for injuries received in consequence of the giving way of one of the steps of a staircase used in common by the tenants, for the safe condition of which the landlord was responsible: and it was held: 'that the fact if proved, that the plaintiff had previous knowledge that the stairs were in a dangerous condition, would not be conclusive evidence that the plaintiff was not in the exercise of due care' (quoting a number of authorities). In *Mahoney* v. *Metropolitan Ry.,* 104 Mass., 73, it was held 'that the fact that the plaintiff saw the obstruction created by the defendant, and knew its dangerous character, is not conclusive proof that he was negligent in attempting to pass it. A person, who in the lawful use of a highway, meets with an obstacle may yet proceed if it is consistent with reasonable care so to do; and this is generally a question for the jury, depending upon the nature of the obstruction and all of the circumstances surrounding the party. In the case at bar if the plaintiff had reasonable cause to believe that he could pass the obstruction in safety, and used reasonable care in that attempt, he is entitled to

recover.' * * * We think the law in a case of this kind is that only when the nature of the obstruction is such that the Court can say that it is not consistent with reasonable prudence and care that any person having knowledge of the obstruction should proceed to pass over it in the manner attempted, can the Court rule that such knowledge prevents the plaintiff from maintaining his action. * * *"

In *Pomfrey* v. *Saratoga Springs,* 104 N. Y., 459, 11 N. E., 43, the damage sued for was occasioned by a fall sustained in attempting to pass over an embankment of snow and ice which had accumulated upon the sidewalk. The defendant requested the Court, in effect, to charge the jury that if the plaintiff saw the obstruction, and chose to attempt to pass over it, and not go around it, she could not recover. The action of the trial Judge in refusing to give such instruction was approved by the Court of Appeals, the Court saying: "The charge of the Judge sufficiently laid down the rule of law as to plaintiff's contributory negligence, and it would not have been proper for the Judge to charge, as matter of law, that it was negligence for the plaintiff, under the circumstances disclosed in this case, to attempt to pass over the embankment." (Quoting authorities.)

In *Sandwich* v. *Dolan* (Ill.), 31 N. E., 416, the Court uses this language: "These instructions were properly refused. They announce in substance, the proposition, that where a party goes upon a sidewalk which he knows to be in a dangerous condition, he is thereby guilty of negligence *per se.* Such is not the law." Again in *Bloomington* v. *Chamberlain,* 104 Ill., 268, an instruction was held to be erroneous which told the jury that "the law required the plaintiff to go out in the street, and pass around the walk, if she knew it was defective."

In *Graham* v. *Oxford,* 105 Ia., 705, 75 N. W., 473, the Court said: "It is not true that one who knows of a defect in a walk is necessarily guilty of negligence if he attempt to pass over it. Much depends upon the character of the defect,

the occasion for passing over it, and the care used in doing so.    If a person knows of a defect in a walk, but believes that it can be passed in safety by the exercise of ordinary care, and he is justified as a reasonably prudent man in holding that belief, he is not negligent in attempting to pass over it in an ordinarily careful and prudent manner."

There are numerous other cases to the same effect, but we deem these sufficient to show the general trend of the decisions as well as the rule they establish.

The rule thus laid down is the only one entirely consistent with reason.    To hold that the mere use of a defective street or highway with knowledge of such defect is negligence would, in many cases, work great hardship and inconvenience.    We think it can be legitimately said that in the majority of cases where defects occur in a highway or street, the continued use of it is not so dangerous that it in itself would amount to negligence on the part of the user. In such cases the use may be entirely safe and free from danger if due care and prudence is exercised.    What is due care under the circumstances of each case must be a question for the jury.

Was the alleged defect in the case at bar so dangerous that no person of ordinary care and prudence would have attempted to use it, and did such use give rise to the inference of negligence on the part of the plaintiff?    It was in evidence that this crossing was put there by one Wilimon, overseer of the workmen digging the trench, and that it had been used continuously by the plaintiff and the public generally.    Plaintiff had used it very frequently and just a few hours before had crossed there in order to enter the carriage in which she was riding.    It requires no vivid imagination to conceive, by the use of ordinary care, the crossing in question could be safely used.    The length of it was only between two and three feet and the width was over eighteen inches.    The very idea that it was so dangerous that no person of ordinary prudence would use it, is negatived by

the fact that scores of persons had used it both in the day time and at night.

Whether the plaintiff in this case exercised due care under all of the circumstances of the case is a question of fact for the jury unless there is no evidence going to show such care on her part. The statute under which the action was brought requires the plaintiff to show that she was not negligent. This must be alleged in the complaint as one of the material allegations thereof. *Walker* v. *Chester Co.,* 40 S. C., 342, 18 S. E., 936. Then, if there is any evidence going to sustain it, a nonsuit would be improper. *Blakely* v. *Laurens Co.,* 55 S. C., 422, 33 S. E., 503. In this case there was such evidence. The plaintiff testified that as she got out of the carriage she felt her way over the ground very cautiously with her feet, that she was always a careful person. This was some evidence going to establish this allegation of the complaint. It certainly should have been passed upon by the jury. It was for that tribunal alone to say whether, under the circumstances, the plaintiff did exercise due care. Likewise, it was its province to say whether or not the crossing in question was used by the public generally with the consent and acquiescence of the defendant. It is true that the evidence on this point was objected to, but it was admitted, and on considering the nonsuit this Court will not pass on its competency. *Lewis* v. *Hinson,* 64 S. C., 580, 43 S. E., 115. Hence the motion for nonsuit should have been refused.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

September 10, 1907. PER CURIAM. After careful consideration of the petition herein this Court is satisfied that no material question of law or of fact has been overlooked or disregarded.

It is therefore ordered, that the petition for a rehearing be dismissed and that the order heretofore granted staying the remittitur be revoked.