EMMA VAN PELT, RESPONDENT, v. D. FARRAND STURGIS AND LEWIS F. STURGIS, PARTNERS, DOING BUSINESS UNDER THE FIRM NAME OF STURGIS BROTHERS, APPELLANTS.

Submitted February 12, 1926—Decided May 17, 1926.

1. The trial judge, when stating the legal rule, is not required to adopt the form or the words contained in the request to charge.
2. A person walking on the sidewalk of a public street is not required to use the highest care or extraordinary watchfulness, but such reasonable care as one under the circumstances being

reasonably prudent and careful, would exercise and ought to exercise.

3. Whether the plaintiff had suffered by the defendant's negligence, or by her own rash action, was a matter of fact and of degree properly left to the jury.

On appeal from the Supreme Court.

For the respondent, *King & Vogt.*

For the appellants, *Kellogg & Chance.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of the Supreme Court entered upon a verdict for the plaintiff below at the Morris Circuit. The action was brought by the plaintiff against the defendant for injuries sustained as a result of a fall on the sidewalk in front of the Morris County Savings Bank Building at Morristown, caused by tripping over a marble block placed there by the defendant contractors, who were altering and remodeling the bank building. The sidewalk was about eighteen feet wide, and the contractors during the course of their work had left thereon building materials; near the curb was a pile of lumber, and alongside of the lumber toward the building there were two marble blocks, which had been placed one upon the other; each block was about three feet long, twelve inches wide and eight inches deep, the lower one being somewhat larger than the upper, causing a projecting corner on which the plaintiff tripped and fell. On the inside of the sidewalk opposite the marble blocks and against the bank building was a pile of steel beams and other building materials. There was an unobstructed passage of, approximately, eight feet wide between the marble blocks and the steel beams.

The appellants present only two grounds of appeal. The first is that the court erred in refusing to charge the following request:

"A pedestrian is bound to exercise ordinary care, not only to avoid dangerous places known or seen, but also those of the existence of which she is ignorant."

This request was substantially covered by the court's charge in the following language:

"Now, she had the duty of using care, using the prudence and using the observation that a reasonably prudent person would have exercised under the time, place and circumstance, and if she did not then she cannot recover."

The court did not limit the duty of the plaintiff to only using care in avoiding dangerous places known or seen, as was done by the trial court in *Quimby* v. *Filter,* 62 *N. J. L.* 766, but in explicit language charged, in effect, that it was the plaintiff's duty to use such care as a person of reasonable or ordinary prudence might exercise under like circumstances, which included all the surrounding conditions whether previously known to plaintiff or not. The trial judge, when stating the legal rule called for, is not required to adopt either the form, or the words, or the collocation of phrases, in which the request to charge is framed. *Parvan* v. *Worlhen & Aldrich Co.,* 80 *Id.* 567; *affirmed,* 82 *Id.* 615.

Assuming the defendants' request was proper, it was sufficiently covered by the charge, therefore the failure to charge, in the language of the request, was not error.

The next ground of appeal is that the trial judge refused to direct a verdict for the defendant. The motion for a direction was urged on the ground that the evidence showed conclusively that the plaintiff was guilty of contributory negligence. The facts do not support this contention.

The evidence justified the inference that the corner on which the bank is located is a very busy one, and that the plaintiff, when passing the bank, had to watch out for and give way to other persons coming in and out of the bank, as well as those passing in the opposite direction, and the fact that she did not observe the projecting corner of the marble block does not neecssarily indicate failure on her part to use the degree of care exacted by the law from one walking on that part of the sidewalk of a public street devoted wholly to pedestrians. She did not fall over the two marble blocks, which were about twenty inches high, but struck her foot on the projecting corner of the lower block, which was about ten inches above the sidewalk level.

The plaintiff had a right to presume that the space between the upper marble block near the curb and the steel beams next to the building was unobstructed and reasonably safe for ordinary travel. A person walking on the sidewalk of a public street is not required to use the highest care or extraordinary watchfulness, but such reasonable care as one under the circumstances, being reasonably prudent and careful, would exercise and ought to exercise.

A pedestrian is not obliged to look constantly where he is going, nor to give unremitting attention to his steps, and it follows that he is not guilty of contributory negligence as a matter of law, merely because failing to do so, he falls into a hole or trips over an obstruction in the way. 13 *R. C. L.* 474.

In *Graham* v. *Oxford*, 105 *Iowa* 709; 75 *N. W. Rep.* 473, the court said:

"It is not true that one who knows of a defect in a walk is necessarily guilty of negligence if he attempts to pass over it. Much depends upon the character of the defect, the occasion for passing over it, and the care used in doing so. If a person knows of a defect in a walk, but believes that it can be passed in safety by the exercise of ordinary care, and he is justified as a reasonably prudent man in holding that belief, he is not negligent in attempting to pass over it in an ordinarily careful and prudent manner."

In *Durant* v. *Palmer*, 29 *N. J. L.* 544, it was held in this court that it was not necessarily negligent for a plaintiff who fell into an unguarded areaway to have walked toward a show window without observing the condition of the sidewalk; but it was also held that the question of his negligence is so doing was for the jury.

"A traveler has a right to rely upon the presumption that the highway is in a reasonably safe condition for travel, and free from obstructions, and he need not keep his eyes constantly fixed on the road or path, or look far ahead for defects which should not exist. But the right to assume that the highway is reasonably safe is subject to the qualification that the traveler must use ordinary care." 29 *Corp. Jur.* 698, § 461.

Whether the plaintiff had suffered by the defendant's negligence, or by her own rash action, was a matter of fact and of degree properly left to the jury.

The judgment under review should be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 14.

*For reversal*—None.