7369

### HUMPHRIES v. UNION & GLENN SPRINGS R. R. CO.

1. RAILROADS — CUTS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE. — The Court cannot say as matter of law under the evidence in this case that one driving a wagon on a dark night on a highway near to which a railroad company has excavated a deep cut, whose horse, wagon and himself fell into the cut as the horse was turning the wagon, was guilty of contributory negligence, although he knew the cut was there,

nor can it say the railroad company was not negligent in not placing guard rails around the cut.

2. EVIDENCE.—The order of the introduction of evidence is within the discretion of the trial Judge, and it is not prejudicial error to permit one injured to exhibit an injured limb before it is shown the injury was caused by negligence of defendant.

3. IBID.—Testimony of plaintiff as to his leaving money with persons to buy cloth of the cotton mill for himself and his customers was irrelevant but not prejudicial error.

4. IBID.—PUNITIVE DAMAGES.—On the issue of punitive damages, it is best to confine evidence of wealth to defendant corporation, and not admit evidence of wealth of controlling stockholders, but as this issue was withdrawn such evidence was harmless.

5. RAILROAD—NEGLIGENCE.—If a railroad company is guilty of negligence in excavating a cut so near to an existing highway as to endanger the traveling public and leaving it unguarded, even though within the limits of its right of way, it would be liable for injuries resulting from negligence, even though the county may have been negligent in its failure to protect those using the highway by guard rails or otherwise.

6. CHARGING request of plaintiff as to negligence without making it subject to the claim of contributory negligence of defendant is not error where the requests of defendant as to contributory negligence are elsewhere given.

Before KLUGH, J., Union, September term, 1908. Affirmed.

Action by C. G. Humphries against Union and Glenn Springs Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. J. Ashby Sawyer* and *William Elliott,* for appellant, cite: *Error to admit evidence of wealth of stockholder:* 77 S. C., 409.

*Messrs. V. E. DePass* and *Sanders & DePass,* contra, cite: *It is negligence to make excavation near highway:* 55 Am. R., 88; 1 Am. Neg. R., 81; 1 Wood on Nuisances, sec.

271; Cool. on Torts, 792; 62 S. C., 325. *Plaintiff not guilty of contributory negligence:* 5 Thomp. on Neg., sec. 6304.

November 11, 1909. The opinion of the Court was delivered by

Mr. Justice Hydrick. This is an action for damages for personal injury. The plaintiff, a grocer of the town of Union, alleged in his complaint, and his testimony tended to prove, that the defendant, in constructing its railroad, excavated a cut, from twelve to fifteen feet deep, through a cotton mill village, just outside of the limits of the town, and within a few feet of an established highway; that its nearness to the highway made the place dangerous to those using the highway, especially at night, and that defendant failed to protect them against such danger by erecting guard-rails along the edge of the cut, or otherwise. · He described the manner in which he was injured, while delivering goods to his customers in said village, as follows: "I drove up to a house where I thought my customer lived; it was good dark then, and I could not tell except by guess whether it was the right house; I went to go into the gate and I discovered a mail box, and I knew then I had missed my house by one door; I then got upon the axle of the wagon and started to get in; the mare started down the road as I started to get in, and it was so dark I could not tell whether she had turned around or not, which way she was going, at first; I then discovered that she had turned, and I pulled her up the road to make her go on and she stopped, and I slapped her with the lines and told her to go on; she started, and I found that the wagon was moving backwards; I found that she had cut the wagon to turn it; I said whoa to her twice, not that I thought I was in any danger, but I wanted to stop her and start right again; when I said whoa to her the second time the hind wheel of the wagon dropped in the cut, and I went out of the wagon in the cut as quick as lightning, and the horse and wagon came in on top of

me.   It was very dark; you couldn't tell a person three feet from you.   The county road and the railroad run into each other; the railroad ran into the county road, and the railroad moved the county road back to straighten their road.   Next to the railroad there was no embankment, and there was a little slant, if anything, and you couldn't tell in the dark that you were anywhere near a railroad embankment."   He testified, further, that he had passed there before—at least once, possibly more than once—and knew the cut was there, but his attention had never been drawn to its nearness to the highway.

He alleged that his injuries were caused by the negligent, reckless and wanton conduct of defendant in making said cut so near the highway, without affording adequate protection to those who used the highway from falling into it. Some of the witnesses testified that the edge of the cut was from two to six feet from the highway, while others said that the cut ran into the highway.

The defendant denied all the allegations of the complaint, and set up the plea of contributory negligence.

The plaintiff had a verdict and judgment for $1,500.

The defendant's motion for nonsuit and new trial, on the ground that there was no evidence of negligence, and that plaintiff was guilty of contributory negligence, were properly overruled.

In the 15th vol. of A. & E. Enc., at page 437, it is said: "An abutting owner is liable for injuries to a traveler on the highway caused by objects or places on his property which are calculated to render travel on the highway unsafe. · This principle has been applied most frequently in the case of excavations on the abutting property, for injuries for which the owner is liable in the absence of proper railings or barriers to prevent such injuries."

The Court could not have said, as a matter of law, that the excavation of so deep a cut so near a public highway, and leaving it without guard-rails or other adequate pro-

tection to keep travelers on the highway from falling or driving into it was not negligence. The second ground upon which the motion for nonsuit was based is stated in the record, as follows: "The testimony of the plaintiff, if it proves anything, proves a clear case of contributory negligence." It is stated in substantially the same language in the exceptions. It will be seen that it fails to specify in what particular the plaintiff was negligent, and the Court is left to grope in the dark through the testimony to ascertain, by conjecture, if possible, what specific act or omission on the part of plaintiff defendant's counsel supposed constituted negligence on his part. The purpose of stating the grounds of a motion is to direct the attention of the Court to the particular fact or principle of law which it is asked to consider. Waiving this defect, we have been unable to find any ground in the testimony upon which it could be sustained.

It cannot be said, as a matter of law, that one who uses a highway, even though he knows of a defect in it, or a danger near it, is guilty of negligence in doing so, unless the defect is of such a nature, or the danger so obvious, that a person of ordinary prudence would not have used it. To hold otherwise would make every traveler on the streets or highways assume the risk of injury from all such defects or dangers. In *Kennedy* v. *Greenville,* 78 S. C., 132, 58 S. E., 989, this Court said: "To hold that the mere use of a defective street or highway, with knowledge of such defect, is negligence, would, in many cases, work great hardship and inconvenience. We think it can be legitimately said that in the majority of cases where defects occur in a highway or street, the continued use of it is not so dangerous that it in itself would amount to negligence on the part of the user. In such cases the use may be entirely safe and free from danger if due care and prudence is exercised. What is due care under the circumstances of each case must be a question for the jury."

The plaintiff testified as to the manner in which he got upon his wagon, and tried to get his horse started in the right direction. If his testimony was true, he cannot, as a matter of law, be said to have acted negligently in doing so. True, he said, if the horse had gone forward instead of backward, the accident would not have occurred. But he also said that it would not have occurred if the cut had been protected by a guard-rail. It was a question of fact for the jury whether the proximity of the cut to the highway, unprotected, or the backing of the horse, was the proximate cause of the injury.

There was no error in allowing plaintiff to exhibit his injured arm to the jury and testify to his injuries, without first requiring him to show that his injuries were caused by the negligence of defendant, or allowing defendant an opportunity to show that his injuries were not the result of its negligence, but of some other cause. The burden was upon the plaintiff to prove his injuries, as alleged, and also to prove that defendant's negligence was the proximate cause thereof. The order in which the testimony to prove the facts in issue may be introduced must be left to the discretion of the attorney for the party offering the evidence, under the discretion and direction of the trial Judge. We may add, however, that plaintiff had already testified to the existence of the cut, its close proximity to the road, its unguarded condition, and his fall therein and injury thereby.

The testimony admitted as to the plaintiff's leaving money with different persons to buy cloth from the mill for himself and his customers was irrelevant, and some of it was incompetent, as it was hearsay; but we do not see how it could have prejudiced the defendant. We are satisfied that it did not influence the decision of the jury. We have frequently held that the admission of irrelevant testimony is not ground for reversal, unless it is made to appear that its admission was prejudicial.

Against objection of defendant's attorney, the Court admitted evidence to show that Flietman & Co., of New York, owned the majority of the stock of the defendant corporation, and that they were also owners of the Buffalo and Union Cotton Mills. When this testimony was admitted there was an issue as to the liability of defendant for punitive damages. In such cases it is competent to prove the wealth of the defendant. The wealth of a corporation does not, in every case, depend upon the wealth of the owners of its stock, still evidence of the financial backing of a corporation may, in some instances, tend to show its liability to respond in damages. We think, however, that it would have been more in strict accord with the rules of evidence for the trial Judge to have confined the evidence to the wealth of the defendant corporation, without regard to the identity of its stockholders. But, as the cause of action for punitive damages was afterwards withdrawn from the jury, we do not think the error was prejudicial.

It made no difference as to the width of defendant's right of way. If it was negligent in excavating a cut so near to an existing public highway as to endanger the traveling public, and leaving it unguarded, even though within the limits of its right of way, it would be liable for injuries resulting from such negligence, even though the county may also have been negligent (as to which we decide nothing) in its failure to protect those using the highway by guard-rails, or otherwise. Where one is injured by the concurrent negligence of two or more, all or any of the tort feasors are liable to the injured party.

The trial Judge correctly charged the law of negligence, and then the law of contributory negligence. He then charged the law of contributory negligence, as contained in requests preferred by defendant, and, again, the law of negligence, as contained in requests preferred by plaintiff, and concluded his charge as follows: "Now,

gentlemen, it is a question for you to decide as to whether or not the defendant caused the injury to the plaintiff, and, if so, what is his damage; and, on the other hand, to determine whether the plaintiff by his own negligence contributed to his injury as the proximate cause thereof, so that if he had exercised ordinary care he would not have been hurt. In accordance with your conclusions will be your verdict, either for the plaintiff for whatever amount you find that he is entitled to recover for actual compensation for his injury; or if you find that he is not entitled to recover, then you will find for the defendant." The defendant excepts because, in charging plaintiff's requests, as to the law of negligence, his Honor did not modify them by telling the jury they were charged subject to the defense of contributory negligence. The trial Judge cannot charge all the law applicable to a case in a single proposition. The plaintiff's requests, as to the law of negligence, were properly charged, as applicable to the case according to the plaintiff's contention; and the defendant's requests, as to the law of contributory negligence, were also properly charged, as applicable according to defendant's contention; and then the Court left it to the jury to say whose contention was correct.

Judgment affirmed.