## 10145

### AUGHTRY v. CITY OF COLUMBIA.

(98 S. E. 195.)

1. NEGLIGENCE— CONTRIBUTORY NEGLIGENCE— PLEADING.— Contributory negligence ordinarily is an affirmative defense.

2. MUNICIPAL CORPORATIONS— INJURIES ON SIDEWALK — NEGLIGENCE — PROXIMATE CAUSE.—To render city liable for injuries to pedestrian from slipping on banana peel on sidewalk, city must not only have been negligent, but its negligence must have been proximate cause of injuries.

3. MUNICIPAL CORPORATIONS — INJURIES ON SIDEWALK — CONTRIBUTORY NEGLIGENCE—DIRECTION OF VERDICT.—Where pedestrian, injured in slipping on banana peel on sidewalk, to prove negligence by defendant city relied upon things which also proved contributory negligence on her part, verdict should have been directed for city; action having been brought under statute requiring proof she did not negligently contribute to her own injuries.

Before WHALEY, County Judge, Richland, April term, 1918. Reversed.

Action by Mrs. R. E. Aughtry against the City of Columbia. From judgment for plaintiff, defendant appeals.

*Mr. C. S. Monteith,* for appellant, submits: *That the evidence failed to show any defect in the sidewalk or negligence or mismanagement of anything under control of the defendant in making repairs to the street, and no cause of action arises under section 3053 of vol. I, of the Code of 1912:* 66 S. C. 442; 89 S. C. 511; 104 S. C. 372; 106 S. C.

255; 58 S. C. 413; 104 S. C. 116; 96 S. E. 675; 70 S. C. 137. *There should be some evidence of notice to the city:* 84 S. C. 122; 108 S. C. 348. *The Court should have held as matter of law that.there was no defect in the street as contemplated by the statute law of this State and should have directed a verdict for defendant:* 104 S. C. 228; 88 S. E. 463; Civil Code of 1912, vol. I, sec. 3053; 64 S. W. 474; 14 Dec. Digest 777 and 814.

*Messrs. Jas. S. Verner* and *Jas. H. Hammond,* for respondent, cite: Civil Code 1912, vol. I, sec. 3053; 104 S. C. 228; 88 S. E. 463; 108 S. C. 348; 107 S. C. 505; 107 S. C. 124; 89 S. C. 520; 104 S. C. 229; 104 S. C. 371; 105 S. C. 255; 89 S. C. 511.

February 1, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for personal injuries. The plaintiff was walking up Main street, in the city of Columbia, on a paved sidewalk. She stepped on a piece of banana peeling lying on the sidewalk and slipped and fell to the sidewalk, and broke her arm and otherwise injured herself, and brought this action for damages.

The plaintiff testified:

"I live at 2017 Main street. On the morning of June 10, 1917, between 7 and 8 a. m., while walking along the sidewalk on Main street going to store of H. D. Cooper, I slid or slipped on a banana peel and fell to the pavement. It was good daylight, and sidewalk was paved. My foot slipped from under me, and I fell on my left side, breaking my arm and otherwise brusing myself. Mr. Cooper helped me up. My arm pained me very much at the time and have never since that time been much good to me. Policemen pass my house all the time, about every half hour, or something of that kind. I saw policeman passing there the afternoon before I was injured. The scavenger wagons come

right early, about 8 o'clock. The banana peeling was a black, rotten peeling, all dusty and full of dirt. It was an old peeling. It was lying not quite middleways of the pavement, and it had dust on it.

"I did not have anything but myself. I had a dollar bill in my hand, and that was all I had, and I was just going along in front, going along slowly. There was nothing to hurry me. I live on Main street near where I got hurt. Policemen pass my house all the time, every half hour, or hour. I see them pass my house every day. Scavenger wagons come by our house before 8 o'clock and take up trash from the street."

Cross-examination: "I do not know when the peeling was put on the sidewalk. I did not see it before I slipped on it. My eyesight is very good. I did not examine the banana peeling until after I had fallen. I went back and looked at it. The sidewalk at that point is the regular size of sidewalks on Main street. It is a nice paved sidewalk, and there is nothing the matter with it. I saw the peeling after I stepped on it and my foot rubbed it on the sidewalk."

There is further testimony to the effect that the throwing of a banana peeling on the sidewalk was forbidden by city ordinance; that a policeman was required to walk over that sidewalk every 45 minutes and it was his duty to remove such things from the sidewalk; that the driveway was swept by the city, but that the city relied upon the property owners to sweep the sidewalk; that the banana peeling was lying in plain view, and there were no other obstructions.

At the close of the testimony, the defendant moved for a direction of a verdict. The statute under which this action is brought reads:

"*Causes of Action for Damages from Defects in Streets, Mismanagement, Etc.*—Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under con-

trol of the corporation within the limits of any town or city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. If any such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured if his load exceed the ordinary weight: *Provided,* The said corporation shall not be liable unless such defect was occasioned by its neglect or mismanagement: *Provided, further,* Such person has not in any way brought about any such injury or damage by his or her own negligent act or negligently contributed thereto."

Ordinarily, contributory negligence is an affirmative defense; but this statute requires the plaintiff to allege and to prove that she did not negligently contribute to her own injury. Whether the presence of the banana peeling on the sidewalk was evidence of negligence on the part of the defendant or not is immaterial. The evidence shows that the defect was obvious. It did not require expert supervision to detect the banana peeling, or to know of its danger. If the policeman should have seen it, then the plaintiff should have seen it. If it was negligence in the city, then it was contributory negligence in the plaintiff. There is no evidence to show that the peeling was on the sidewalk when the policeman passed. All the case shows is that the peeling was there when the plaintiff stepped on it. There is nothing in the case to show that the city had put it there or could have prevented it by the utmost care. It is said that the city did not sweep its sidewalks. The defendant must not only be negligent, but its negligence must be the proximate cause of the injury. There is nothing in the case to show that the banana peeling would not have been there at the unfortunate moment, even if the sidewalk had been swept daily. There was no evidence that the city was guilty of any negligence that was the proximate cause of the injury. The right of action is based upon the negligence or mismanagement which was the proximate cause of the injury.

Those things relied upon to prove negligence, if they did prove negligence, would also prove contributory negligence

The verdict should have been directed in favor of the defendant, and the judgment is reversed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur

MR. CHIEF JUSTICE GARY did not sit.