10364

### HOLMAN v. CITY OF ORANGEBURG.

(101 S. E. 834.)

1. TRIAL—CREDIBILITY OF WITNESSES FOR JURY.—The truth of testimony is a matter for the jury to determine.

2. MUNICIPAL CORPORATIONS — NEGLIGENCE OF CITY, IN PERMITTING ABANDONED WATER CUT-OFF TO PROTRUDE ABOVE PAVEMENT, FOR JURY.—Whether a city was guilty of negligence in permitting an abandoned water cut-off, on and nearly midway the pavement of one of its principal streets, to protrude two or three inches above the face of the pavement, *held* for the jury.

Before BOWMAN, J., Orangeburg, Summer term, 1919. Reversed.

Action by E. V. Holman against the City of Orangeburg. Judgment for defendant, and plaintiff appeals.

*Messrs. L. A. Hutson* and *T. M. Raysor,* for appellant, submit: *Under the evidence, we have proven that the street was obstructed and that it was in an unsafe condition; and whenever such evidence appears in a case of this kind, it is a question to be submitted to the jury:* 88 S. E. 463 (S. C.); 78 S. E. 23 (S. C.); 89 S. C. 511; 72 S. E. 228; 36 L. R. A.

(N. S.) 363; 71 S. C. 170; 50 S. E. 776; 66 S. C. 42; 45 S. E. 8; 92 S. E. 191 (S. C.); 89 S. C. 520; 72 S. E. 229; 36 L. R. A. (N. S.) 363; 104 S. C. 229; 88 S. E. 463; 91 S. C. 203; 65 S. E. 1030 (S. C.); 66 S. E. 627 (Ga.); 78 Ga. 289; 55 Ga. 566; note 48, L. R. A. (N. S.) 628. *The general rule is that one using a street is required to use ordinary care for his own safety:* 167 Ill. App. 35; 119 S. W. 744; 136 Ky. 662; 124 S. W. 888; 142 Ky. 829; 135 S. W. 405; 37 Utah 507; 109 Pac. 745; 9 Ga. App. 348; 71 S. W. 589. *What constitutes reasonable or ordinary care:* 21 L. R. A. (N. S.) 620; 159 Ala. 230; 48 So. 809; 176 Ind. 630; 96 N. E. 765; 109 Me. 368; 84 Atl. 639; 115 Md. 454; 81 Atl. 12. *Persons using streets have a right, in the absence of knowledge to the contrary, to assume that they are in a safe condition, and to act with reasonable care upon that assumption:* 21 L. R. A. (N. S.) 621; 159 Ala. 230; 48 So. 809; 151 Iowa 251; 131 N. W. 33; 126 La. 594; 139 Am. St. Rep. 459; 52 So. 779; *Bean v. Portland,* 109 Me. —; 469 Mich. 643; 140 N. W. 938; 232 Mo. 471; 132 S. W. 566; 153 Mo. App. 504; 133 S. W. 662; 47 Colo. 209; 135 Am. St. Rep. 210; 105 Pac. 875; 170 Ill. App. 252; *Knoxville v. Cain,* —; 46 Mont. 65; 125 Pac. 133; 132 Pac. 187; 153 Mo. App. 484; 133 S. W. 670. *Whether one was negligent so as to bar recovery in failing to observe or avoid an obstruction or defect in a street is ordinarily a question of fact:* 47 Colo. 209; 135 Am. St. Rep. 210; 105 Pac. 875. *One using a street is not required to be on his guard to avoid latent and unknown defects:* 153 Ill. App. 50; 229 Pa. 161; 78 Atl. 86. *Mere knowledge of a defect will not preclude recovery unless there is accompanying negligence:* 43 Ind. App. 325; 87 N. E. 550; 43 Ind. App. 453; 87 N. E. 146; 109 Ala. 181; 53 So. 786; 131 Pac. (Colo. App.) 684; 207 Mass. 325; 93 N. E. 644; 151 Ill. App. 360; 89 Neb. 726; 132 N. W. 124; 126 App. Div. 173; 110 N. Y. Supp. 941; 197 N. Y. 529; 90 N. E. 1161; 39 Pa. Super. Ct. 597; N.

D. —; 45 L. R. A. (N. S.) 75; 140 N. W. 718; 158 Mo. App. 589; 138 S. W. 948; 138 App. Div. 671; 122 N. Y. Supp. 1072; 147 Wis. 300; 133 N. W. 35; 139 Mo. App. 187; 122 S. W. 1122. *Excuses for failure to observe and avoid defect or obstruction:* 126 La. 594; 139 Am. St. Rep. 549; 52 So. 779; 144 Mo. App. 155; 128 S. W. 819; 108 S. C. 289. *98 S. E. Rep. 195 is different from case at bar.*

*Messrs. John S. Bowman* and *Adam H. Moss,* for respondent, submit: *The facts in the cases of Lancaster v. City of Columbia, 104 S. C. 132, and Pooser v. Town of Salley, 108 S. C. 208, are different from the facts in case at bar. The defect here was obvious and plaintiff cannot recover:* 98 S. E. 195. *The accident occurred in broad daylight, in consequence of an open and exposed defect in the sidewalk, and the burden rested upon the plaintiff to show conditions outside of himself which prevented him from seeing the defect or which would excuse his failure to observe it. He has failed to show such conditions and cannot recover:* 21 L. R. A. (N. S.) 615.

January 27, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort to the person; nonsuit; appeal by the plaintiff.

The particular delict alleged, and that to which the testimony was directed, was the maintenance by the city of an abandoned water "cut-off" on and nearly midway a pavement of one of its principal streets.

The testimony tends to show that the cut-off is two or three inches in diameter; it protrudes two or three inches above the face of the pavement; it has so existed more than 10 years; the obstruction had been reported to the city government, and its removal asked for; three other men besides the plaintiff had fallen over it, and one had done so many

times; and an old lady fell over it and nearly fell into a near-by ditch.

1, 2        It was for the jury to determine: (1) If·this testimony is true; and (2) if it convicted the defendant of a lack of due care.

The late case of *Aughtry v. Columbia,* 98 S. E. 195, upon which the Court relied, presented no such facts; and facts make a case.

The nonsuit ought not to have been granted.

The judgment is reversed, and a new trial is ordered.