13735

HEATH v. TOWN OF DARLINGTON

(171 S. E., 916)

*Mr. Jerome F. Pate* for appellant,

*Mr. C. E. Gardner* for respondent,

December 12, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages on account of injuries sustained by plaintiff on one of the streets in the town of Darlington. The complaint, *inter alia,* alleges: "That on or about the 27 day of May, 1933, as plaintiff was walking on foot along the sidewalk on the south side of Pearl Street near the public square in the corporate limits of said town in front of a store building formerly occupied by Anderson's Meat Market and bearing number 121, and assuming the said sidewalk to be in an ordinary safe condition, a large heavy advertising sign hanging over and above said sidewalk which had become patently insecure, defective, out of repair and dangerous for a number of months prior to said date, and so known to defendant, its officers and council or

by reasonable inspection, supervision and diligence would have known, became detached therefrom and fell, striking plaintiff and seriously injuring him on the head and face; that said sign was patently unsafe and dangerous to life, insecurely, carelessly, defectively and negligently attached to an iron pipe or rod and which pipe or rod was attached to said building, and the said pipe or rod and sign extended out and over and above and across said sidewalk for about ten feet, with the knowledge, consent and permission of the defendant, and its officers, agents and council, for a number of months before it fell."

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The matter was heard by his Honor, Judge Dennis, who held that a cause of action was stated, as "the town owed the duty to persons on the streets to use reasonable diligence to protect them from dangerous objects overhanging the street as well as to dangerous conditions of the surface of the street."

We think that the allegations of the complaint bring this case within the decisions of *Irvine v. Town of Greenwood,* 89 S. C., 511, 72 S. E., 228, 36 L. R. A., (N. S.), 363; *Caston v. Rock Hill,* 107 S. C., 124, 92 S. E., 191; *Lancaster v. Columbia,* 104 S. C., 228, 88 S. E., 463, and that therefore the demurrer was properly overruled. See, also, *Reeves v. City of Easley,* 167 S. C., 231, 166 S. E., 120, where Mr. Justice Bonham, in an able and interesting opinion, reviewed all the decisions of the Court bearing on this subject, beginning with that of *Dunn v. Town of Barnwell,* 43 S. C., 398, 21 S. E., 315, 49 Am. St. Rep., 843. If, as alleged in the complaint before us, the town, with actual or constructive knowledge, permitted such sign to be negligently placed and maintained over and above the sidewalk in a patently dangerous condition, it would be a question for the jury whether such condition, making it unsafe for pedestrians to use the sidewalk, was a defect in the street within

the meaning of the statute under which the action is brought. See section 7345 of the Code of 1932.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.