14766

ROWLAND v. TOWN OF DILLON

(199 S. E., 525)

*Messrs. Hawkins & Bethea* and *Joe P. Lane,* for appellant,

*Messrs. Gibson & Muller,* for respondent,

November 7, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent brought action to recover of the appellant, a municipal corporation, damages for personal injuries which she alleges she suffered when she was caused to fall by reason of a defect in the sidewalk of the town. The case was tried by Judge Sease, with a jury, and a verdict was given for the plaintiff.

The action is brought under Section 7345 of the Code, which declares the conditions under which action may be brought against a municipal corporation. The complaint duly alleged a defect in the pavement of the sidewalk of the town; that the defendant knew, or with the exercise of ordinary care should have known, of its existence; that plaintiff's injury was due to the negligence of the defendant in permitting the defect in the street; that such injury was not in any way brought about by her own negligent act, nor did she negligently contribute thereto.

The answer was a general denial.

At the appropriate stages of the trial the defendant made motions for nonsuit and directed verdict, on the grounds that:

"(1) The plaintiff's own testimony shows that she was negligent or, at least, that she negligently contributed to her own injury.

"(2) That the accident was not caused by any neglect or mismanagement of any officer or agent of the defendant corporation."

"The Court: I think the case ought to go to the jury as to whether or not she was exercising due care. The testimony was that she was almost feeling with her feet for the place. I won't hold, as a matter of law, that she was negligent; that is a matter for the jury."

From the judgment entered on the verdict, the defendant appeals on eight exceptions, which allege error on the part of the Court for refusing the motions for directed verdict and nonsuit, and error in certain phases of the charge. We do not think it is necessary to deal in detail with each exception, but all of them will, in effect, have consideration.

The gravamen of appellant's argument, as it relates to the motions for nonsuit and directed verdict, is that plaintiff herself was guilty of negligence, or, at least, negligently contributed to her injury.

It is the established rule of this Court that the question of the contributory negligence of the plaintiff is a question of fact for the jury, unless there is so complete an absence of evidence thereabout as to make it a question of law for the Court. It is not necessary to cite authorities in support of this postulate of the law, but we may refer to the case of *Correll v. City of Spartanburg,* where it is said, 169 S. C., 403, 169 S. E., 84, 86: "An analysis of the exceptions shows that no contested questions of law are presented for determination of the Court, unless it appear that there is a total lack of evidence to support an issue; then it becomes a matter of law."

But the appellant argues that the plaintiff admits that she knew of the defect in the sidewalk, was familiar with it, and yet purposely went into the place of damage. In listening to argument on the motion for nonsuit, his Honor said: "Yes, she admits that she was thoroughly familiar with the situation." Then in refusing the motion, he said: "The testimony was that she was almost feeling with her feet for the place."

Unquestionably, here was evidence for the jury to consider in determining whether plaintiff was guilty of contributory negligence.

We cannot concur in the appellant's position that inasmuch as plaintiff knew of the defect in the sidewalk and, nevertheless, elected to go over it, she must be held to be guilty of contributory negligence.

In the case of *Humphries v. R. R. Co.,* 84 S. C., 202, 65 S. E., 1051, this Court, by Mr. Justice Hydrick, said (page 1053) : "It cannot be said as a matter of law that one who uses a highway, even though he knows of a defect in it, or a danger near it, is guilty of negligence in doing so, unless the defect is of such a nature or the danger so obvious that a person of ordinary prudence would not have used it. To hold otherwise would make every traveler on the streets or highways assume the risk of injury from all such defects or dangers."

In the case of *Kennedy v. Greenville,* 78 S. C., 124, 132, 58 S. E., 989, 992, this Court said: "To hold that the mere use of a defective street or highway with knowledge of such defect is negligence would, in many cases, work great hardship and inconvenience. We think it can be legitimately said that, in the majority of cases where defects occur in a highway or street, the continued use of it is not so dangerous that it in itself would amount to negligence on the part of the user. In such cases the use may be entirely safe and free from danger if due care and prudence is exercised. What is due care under the circumstances of each case must be a question for the jury."

Again from the *Kennedy case* we quote: "Defendant contends that plaintiff had knowledge of the condition of the street, and therefore in attempting to cross it she assumed the risk. Mere knowledge of defects will not of itself give rise to the conclusion that the only inference is that the plaintiff was negligent, unless it is made to appear that the danger, likely to result therefrom, was so obvious that no person of ordinary prudence would have attempted to cross." See, also, *Holman v. City of Orangeburg,* 113 S. C., 489, 101 S. E., 834; *Blakely v. Laurens County,* 55 S. C., 422, 33 S. E., 503, and others.

It is idle to specifically cite other cases. The above is the established rule in this jurisdiction.

Judge Sease committed no error in overruling the motions for nonsuit and directed verdict.

We think there was no error on the part of the trial Judge to refuse to charge the sixth request of the defendant, which was couched in these words: "I charge you further that if there be a dangerous place in a sidewalk or street in a town, and a person who has a right to travel that sidewalk or street knows it, sees it, and, while walking the street, seeing the defect, undertakes to go in it and gets injured, why that person then cannot say that he did not contribute to his own injury."

If the Court had charged that, it would have been counter to the rule we have just enunciated, and would, also, have touched on the facts.

We think appellant has no right to complain of the manner in which the Court charged the defendant's eighth request. He might well have refused to charge it at all. Plaintiff did not say she was unaware of the defect and danger. On the contrary she frankly admitted that she did know of it.

We find no error in the charge.

Exceptions overruled. Judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.