16824

COFFEE v. ANDERSON COUNTY
(80 S. E. (2d) 51)

478

*Leon W. Harris, Esq.,* of Anderson, *for Appellant,*

*Messrs. L. A. Brooks, Jr.,* and *R. L. Ballentine,* of Anderson, *for Respondent,*

January 25, 1954.

LITTLEJOHN, Acting Associate Justice.

This action was brought under the terms of Section 5856 as amended in 1947, of the 1942 Code (Sections 33-921 and 33-925 of the 1952 Code), which permits any person receiving personal injury or property damage through a defect in or the negligent repair of a highway, to sue the county for damages.

The roadway involved is in the Orr cotton mill village and was, until the sale of the mill houses to the employees, maintained by the corporation. Since the sale of the houses the County has absorbed the streets into the county system of roads. Harris Street and Sirrine Street are approximately parallel dead-end streets with a connection between the two, the connection and streets combined forming a sort of bent horseshoe.

Plaintiff was proceeding from his home nearby about 9:30 in the evening of March 22, 1951, along Sirrine Street just before making a right-hand turn into Harris Street when his truck ran into a hole (or holes) on the right side of

the road, one of which was described as being "about two yards wide at the deep part and shallowed on off to about a yard wide" and four to six inches deep. Plaintiff lost control of his truck when it hit one of the holes and he was thrown out, sustaining personal injuries and property damages to his truck which proceeded out of control and into a tree.

The complaint alleges negligence on the part of the defendant in several particulars not necessary to set out here since the issues raised on this appeal do not involve whether or not the defendant was negligent, and by failure to raise such point it is assumed that defendant concedes that the evidence left a jury question on that issue. The complaint further alleges that the injuries sustained were caused without negligence on the part of the plaintiff and that he did not negligently contribute thereto.

The answer is a general denial and sets up a plea of contributory negligence, it being alleged that plaintiff was negligent, (1) in operating his vehicle with a defective catch on the door of the cab making it easy for one to fall out, (2) in driving at a fast and dangerous rate of speed, and (3) in failing to keep his vehicle under control, he knowing of the conditions of the road and surroundings and of the condition of the door. (Rephrased by the Court for brevity.)

The jury returned a verdict for one thousand dollars for the plaintiff. Seasonal motions were made for a non-suit, for a directed verdict, and for judgment notwithstanding the verdict, and failing therein, for a new trial, all of which were overruled.

The questions raised on this appeal as taken from appellant's brief, are six in number, as follows:

1. Was it error to refuse a motion for non-suit, directed verdict, judgment *non obstante veredicto,* because plaintiff's injury and damage was caused by his own acts, etc.?

2. Was it error to refuse the motion for directed verdict and judgment *non obstante veredicto* because of the defective

condition of the catch on the door allowing plaintiff to fall from his truck?

3. Was it error to overrule objection to the testimony of E. L. Hayes as to the amount it would take to put truck back into condition it was in before the wreck?

4. Was it error on cross examination to disallow the witness Hayes to testify as to a submitted bill as to the amount of damage to the truck?

5. Was it error to charge the jury when the Statute stated "Negligently contributed thereto" is to be construed in the ordinary and popular meaning of the term of proximate cause?

6. Was it error to disallow the County Engineer to testify as to the number of miles of improved roads in Anderson County?

Questions 1 and 2 are so closely akin that they can be treated together. In determining whether or not there was any evidence to go to the jury on the issue of contributory negligence under the scintilla rule applicable in this State it is of course necessary for this Court to view the evidence most favorably to the plaintiff. We will not attempt to review all the evidence but will readily state that there was ample evidence from which the jury judging the facts might have reached a contrary conclusion. This Court being concerned not with the weighing of the evidence but solely with the law, must only inquire: Do the facts and circumstances reasonably tend to support an inference of due care on the part of the plaintiff?

Plaintiff testified that he lived near the defective place in the road, knew of the defective condition, and usually left his home along another route. On the night of the injury he was going to a neighborhood store along this route because it was nearer. At that point the road was, as estimated by the defendant's witness Cooley, clerk of the Board of Commissioners, about eighteen feet wide and is surface treated. He further stated that there were three large holes

and several small ones in the road. There was a curb on the right side in the direction plaintiff was travelling but none on the left. If one drove close to the curb on the right his tire would go through the edge of a hole; if one used the other side of the road his tire touched the edge of the hole. The holes were concentrated in the middle and occupied a substantial portion of the road at that point.

The holes are variously described as three to four inches deep by witness Cooley, to six or eight inches deep by plaintiff; the holes varied in size, one of the larger being described as eight or ten feet by about four feet.

Plaintiff testified that he was traveling about fifteen miles per hour and in trying to avoid a smaller hole, hit a large one; that when he hit the larger one the door came open, he got overbalanced, and when the truck hit the shoulder of the road it was bouncing around so he let go. He fell out of the truck and was injured; the truck landed against a tree and was damaged.

The road at this point was described as " *   *   *  sorta a winding road. It goes to the right a little, you go around a house and then it bears to the left, and then you go out on it until you get to this sharp bend." The bend was described as a blind curve made so by the pillars of a house set almost against the curbing of the road.

It was the contention of plaintiff that he used the right side of the road and stayed off the left side for fear of meeting some other vehicle coming around the blind curve, it being a curve to the plaintiff's right.

As to the allegation of contributory negligence on the part of plaintiff in that he operated the truck with a defective catch on the door, the plaintiff testified as follows: "It was the cleanest '41 in town   *   *   *   I had new door locks and one new glass put on the truck in December. Both door locks were new." This was corroborated by the mechanic, Mr. Hayes, who installed the locks. He further was asked if, after the wreck, he tried to see whether he could

from the inside, with a slight push, open the door, or from the outside, pull it open without releasing the catch. He testified, "It took a pretty good jerk from the outside, and possibly two or three jerks it would fly open. * * * I don't believe I tried it from the inside."

Witness C. C. Smith, the service manager for a local motor company, testified that he examined the door on the morning of the trial. He testified "* * * the door is in perfect line, the lock is good, and it could not be pulled open by my strength, and the door did open and shut good."

Plaintiff testified that he was travelling about fifteen miles per hour. There was no evidence *contra*.

From a review of the whole of the evidence it is obvious that the same presented issues of fact for the jury and not questions of law for the trial judge or for this Court. We conclude that the whole of the evidence creates more than one reasonable inference. Or stated another way, we cannot say as a matter of law that the plaintiff failed to use due care.

The defendant has placed much emphasis upon the proposition that plaintiff was familiar with the defective roadway, but knowledge of the defective condition is not necessarily controlling. In 1938, in the case of *Rowland v. Town of Dillon*, 188 S. C. 408, 199 S. E. 525, 526, this Court had before it the same question raised by the appellant. In that case the plaintiff admitted that she was thoroughly familiar with the alleged defective condition in the street. The Court disposed of appellant's contention by holding:

"(2) We cannot concur in the appellant's position that inasmuch as plaintiff knew of the defect in the sidewalk and, nevertheless, elected to go over it, she must be held to be guilty of contributory negligence.

"In the case of *Humphries v. [Union & Glenn Springs] R. Co.*, 84 S. C. 202, 65 S. E. 1051, this Court, by Mr. Justice Hydrick, said (page 1053) : 'It cannot be said as a mat-

ter of law that one who uses a highway, even though he knows of a defect in it, or a danger near it, is guilty of negligence in doing so, unless the defect is of such a nature or the danger so obvious that a person of ordinary prudence would not have used it. To hold otherwise would make every traveler on the streets or highways assume the risk of injury from all such defects or dangers.'

"In the case of *Kennedy v. [City of] Greenville*, 78 S. C. 124, 132, 58 S. E. 989, 992, this Court said: 'To hold that the mere use of a defective street or highway with knowledge of such defect is negligence would, in many cases, work great hardship and inconvenience. We think it can be legitimately said that, in the majority of cases where defects occur in a highway or street, the continued use of it is not so dangerous that it in itself would amount to negligence on the part of the user. In such cases the use may be entirely safe and free from danger if due care and prudence is exercised. What is due care under the circumstances of each case must be a question for the jury.'

"(3) Again from the *Kennedy case* we quote: 'Defendant contends that plaintiff had knowledge of the condition of the street, and therefore in attempting to cross it she assumed the risk. Mere knowledge of defects will not of itself give rise to the conclusion that the only inference is that the plaintiff was negligent, unless it is made to appear that the danger, likely to result therefrom, was so obvious that no person of ordinary prudence would have attempted to cross.' See, also, *Holman v. City of Orangeburg*, 113 S. C. 489, 101 S. E. 834; *Blakely v. Laurens County*, 55 S. C. 422, 33 S. E. 503, and others.

"It is idle to specifically cite other cases. The above is the established rule in this jurisdiction."

Appellant also argues that plaintiff should have driven on the left side of the road. It is true that one should technically violate the law (Section 46-381 of the 1952 Code in this case) if by so doing he may prevent injuries and damages to himself or to another, but

whether or not a reasonably prudent person would have done so in this case was a matter for the jury which the jury decided adversely to the appellant on the facts.

Question 3 raises objection to the trial judge overruling an objection to the testimony of witness E. L. Hayes as to the amount it would take to put the damaged truck back into the condition it was in before the wreck. Mr. Hayes is service manager of the Welborn Motor Company. The following appears in the transcript:

"Q. Now, according to those figures there, was or not that the amount of money that it would take to put that truck back into the condition it was before the wreck?

"By Mr. Harris: No, I object to that question. We don't know what the condition of the truck was before the accident. Some of that might be necessary and some of it might not of been necessary to put it back, he says the condition it was in before the accident, and we don't know the condition beforehand.

"The Court: I will have to overrule your objection, sir. That is a matter that will have to be brought out on cross examination if such a matter exists.

"Mr. Harris: That is the point I am making now, is the condition that exists now. The question was, I respectfully submit, was—it would take that much to put it in condition now when we don't know how much it was worth before, and so—

"The Court: That is permissible."

From the evidence it appears that Welborn Motor Company made considerable repairs on this truck on December 21, 1950. Counsel's objection is predicated on the proposition that it does not affirmatively appear in the record that witness Hayes knew exactly what condition the truck was in just prior to the wreck. Had the witness not known of its condition it is reasonable to assume that he would have so stated. But more influencing still is the fact that the Court virtually invited counsel to bring out his lack of knowledge on cross examination when the Court said, "That

is a matter that will have to be brought out on cross examination if such a matter exists." On cross examination counsel for the defendant did not pursue the matter. If on cross examination it had been established that the witness did not know what the condition of the vehicle was just prior to the wreck, we are sure that the trial judge would have stricken his testimony from the record. We therefore conclude that there was no error in permitting witness Hayes to testify as he did.

Question 4 alleges error on the part of the trial judge in disallowing witness Hayes to testify as to a submitted bill as to the amount of damage to the truck.

Witness Hayes, while on the stand, testified he had submitted an estimate in the amount of $390.73. On cross examination defendant's counsel handed the witness a bill about which the witness stated, "I didn't make this bill, it has been copied off—that is the original." The defense counsel asked this question: "Will you state that you have not made a bill for $387.74?" Objection was made and the Court sustained the objection. We think that the difference in the two bills is insignificant, but assuming that the slight discrepancy even if made by the same person, might go to the credibility of the witness, we conclude that the trial judge was correct in sustaining the objection after the witness had testified that he did not make the bill, and was correct in striking the same from the record. Witness Hayes denied making the same and no other witness testified relative to it, and to allow the question with the suggested amount to remain in the record in the minds of the jury without support of any witness might have been prejudicial.

Counsel for the defendant alleges error on the part of the trial judge in charging the jury as follows: "(You will remember that the section which I read to you contains the proviso that the person injured has not in any way brought about such injury or damage by his own act or negligently contributed thereto. As to the first of these contingencies, that is, brought about by his own

act, in order to bar a recovery, the act of the person, or the plaintiff, injured, must be the efficient cause of the injury. That is, the immediate and proximate cause thereof. As to the second contingency, that is, 'negligently contributing thereto,' that phrase, 'negligently contributing thereto', is to be construed in the ordinary and popular meaning of the term.) And one thing is understood to contribute to a given result which—when such thing has some share, part or agency in producing such result, and it is not understood to convey the idea that such a thing was the efficient cause of the actual result in the sense that without it such result would not have been reached."

We think the law is properly stated and agree with respondent that the "act" referred to in the statute in order to bar recovery, must be an act which contributes to the injury as a direct and proximate cause thereof.

The last question suggests error on the part of the trial judge in disallowing the county engineer to testify as to the number of miles of improved roads in Anderson County. This would appear to be in conflict with a concurring opinion in the case of *Moody v. Aiken County*, 124 S. C. 288, 117 S. E. 533, but if it be conceded that failure to allow testimony relative to the number of miles be error, we think that the same is harmless. In this day of enlightened jurors, who doubtlessly came from all sections of the county, general knowledge on the part of all jurors as to the size of the county and the number of miles in the road system is inescapable.

The judgment of the lower court is affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.