17107

GEORGE E. TATE, Appellant, v. CITY OF GREENVILLE, Respondent

(91 S. E. (2d) 161)

*Sol E. Abrams, Esq.,* of Greenville, *for Appellant,*

*W. H. Arnold, Esq.,* of Greenville, *for Respondent,*

January 24, 1956.

G. BADGER BAKER, Acting Associate Justice.

The plaintiff, now appellant, brought this action against respondent, City of Greenville, for damages resulting to his

truck when it collided with an overhanging limb of a tree, as the truck was being driven in a westerly direction, by appellant's employee, on Arlington Street, during May of 1954, between 11 o'clock a. m. and the noon hour.

At the conclusion of appellant's testimony the trial Judge, upon motion of respondent, directed an involuntary nonsuit upon the ground that appellant's damages were brought about by his driver's own negligence and contributory negligence, but declined to sustain respondent's contention "That plaintiff's damage did not result from any defect in the street or from the mismanagement of anything under Defendant's control being used in connection with the repairs to any street." The controlling section of the Code is 47-70.

Appellant's exceptions present the question whether the trial Judge erred in ruling as a matter of law the only conclusion determinable as a matter of law was that appellant's damages were brought about by his driver's negligence and contributory negligence.

Respondent has excepted to the lower Court's refusal to also predicate the nonsuit upon its last ground which is quoted in a preceding paragraph.

The transcript does not contain the lower Court's reasoning in ordering the nonsuit, but apparently the overhanging limb was adjudicated a defect, but of such a nature or the danger so obvious that a motor vehicle operator, in the exercise of ordinary prudence would not have traveled thereunder.

The tree is located on the northern side of Arlington Street, on the right in the direction in which appellant's truck was traveling, with the base of its trunk, 52 inches in circumference, located 6½ inches from the outer edge of the concrete curb. The tree leans toward the street and there is a distance of 56 inches from the outer edge of the curb to the nearest flush point of the leaning trunk. The limb, which came in contact with the top of the truck, extends over the

street at a 45-degree angle and is 24 inches in diameter. The point of contact on this limb is approximately 9 feet, 2 inches above the street, which is paved. There is a scarred area on this limb in length about 24 inches, the farthest point of which is approximately 40 inches from the curb and the nearest 16 inches. Appellant's driver says his right wheels were about 3 feet from the northern curb at the time of impact.

The truck was, or is, of panel or closed body type, 7 feet, 3½ inches in width and about 9 feet, 9 inches in height. Arlington Street is 24½ feet in width, from curb to curb, with concrete gutters which are practically level with the street. The driver, Robert Hughes, was approaching the intersection of Arlington and Anderson Streets and the accident occurred about 150 feet therefrom. The intersection is regulated by electrical traffic signals. Within a block of the intersection, on Anderson Street, is located a public school.

The driver, at this time, lived on Arlington Street, in the same block in which the collision occurred, and some five or six houses therefrom. He testified that although he was familiar with the general area, he had not had any particular reason or occasion to observe the tree or its overhanging limb prior to the accident.

Hughes was driving about 15 to 20 miles per hour, traveling in second gear since his speed was too low for high gear. The truck had immediately prior thereto passed an automobile parked on the right side of the street and was progressing past an automobile parked on the left side of the street when the limb was struck. The driver testified that he came over to the gutter area in order to maintain an adequate clearance area between his truck and the car parked on the south, did not observe the overhanging limb, or its danger, because of the foliage on the trees, and his attention was focused upon the roadway ahead, the intersection, watching for doors opening upon cars and the possible presence of children.

First to consider is respondent's sustaining ground. If the overhanging limb is not a defect, appellant would not have a cause of action against the municipality. The cases of *Inabinett v. State Highway Department*, 196 S. C. 117, 12 S. E. (2d) 848; *Terrell v. City of Orangeburg*, 176 S. C. 518, 180 S. E. 670, 672; and *Heath v. Town of Darlington*, first appeal reported in 171 S. C. 196, 171 S. E. 916, second appeal, 175 S. C. 27, 177 S. E. 894, are adverse to respondent's exception. The *Terrell case, supra,* quoting from *Heath v. Town of Darlington, supra,* second appeal, contains this language: " 'the rule of liability of a city or municipality for injury resulting from conditions in the streets is not confined to cases of obstructions upon the surface of the street, for overhead signs or other objects may be as dangerous as an obstruction upon the surface, because they are not likely to be observed and avoided' ". The lower Court was not in error in refusing to grant a nonsuit on the basis that the overhanging limb was not a defect within the contemplation of Section 47-70, Code of Laws of 1952.

Under the testimony can it be said, as a matter of law, that the only reasonable inference to be drawn from the evidence is that appellant's driver was negligent or negligently contributed to the cause of the collision?

The answer to this question is whether the limb was likely to be observed and avoided. The truck was within lawful dimensions, its height below the maximum. There was no statutory violation in its traveling operation. Its driver, although he lived in the same block, for about two months, possessed a general knowledge of conditions, but there is no evidence that he was familiar, or should have been familiar, with any specific danger. It cannot be said as a matter of law this limb overhung in such a manner as to be a patent, open and obvious obstacle, but on the contrary, from the evidence, its peril was latent. The driver's attention was directed to traffic hazards and possible hazards. Negligence or contributory negligence is not to be found

or based upon the circumstance that he allowed more clearance between the truck and parked vehicle than necessary. It may be that the overhanging limb could have been observed and the collision prevented, but this presented an issue for jury determination.

The case of *Coffee v. Anderson County,* 224 S. C. 477, 80 S. E. (2d) 51, 54, while not similar in fact, is sufficiently similar in principle as to be controlling herein. The plaintiff Coffee ran into a hole in a street or highway, the accident occurring in the nighttime. He testified he lived near the defective place in the road, knew of the defective condition, and usually left his home along another route. A verdict was rendered in his behalf, and the appeal taken to this Court principally on the proposition he was guilty of contributory negligence and the lower Court should have directed a verdict accordingly. The trial Court was affirmed, and we now quote from the opinion in that case by reason of its pertinency:

"The defendant has placed much emphasis upon the proposition that plaintiff was familiar with the defective roadway, but knowledge of the defective condition is not necessarily controlling. In 1938, in the case of *Rowland v. Town of Dillon,* 188 S. C. 408, 199 S. E. 525, 526, this Court had before it the same question raised by the appellant. In that case the plaintiff admitted that she was thoroughly familiar with the alleged defective condition in the street. The Court disposed of appellant's contention by holding:

" '(2) We cannot concur in the appellant's position that inasmuch as plaintiff knew of the defect in the sidewalk and, nevertheless, elected to go over it, she must be held to be guilty of contributory negligence.

" 'In the case of *Humphries v. (Union & Glenn Springs) R. Co.,* 84 S. C. 202, 65 S. E. 1051 [at page 1053], this Court, by Justice Hydrick, said: "It cannot be said as a matter of law that one who uses a highway, even though he knows of a defect in it, or a danger near it, is guilty of negligence in doing so, unless the defect is of such a nature

or the danger so obvious that a person of ordinary prudence would not have used it. To hold otherwise would make every traveler on the streets or highways assume the risk of injury from all such defects or dangers." * * *' "

The foregoing case, the principles of law contained therein and the cases cited, when construed in conjunction with the evidence in this case, compels us to the conclusion the trial Judge committed error in issuing a nonsuit.

The appellant contends the nearest case in point is *Bunton v. South Carolina State Highway Department,* 186 S. C. 463, 196 S. E. 188, but an examination of the *Bunton case* reveals it is more favorable to appellant than to respondent. In the *Bunton case* the motorist left the paved portion of the highway and drove along the shoulder for some distance, running into a hole or rut which caused her to loose control and crash into a telegraph pole. Motions for nonsuit and directed verdict were made and refused, and on appeal to the Supreme Court the case was reversed and remanded for entry of judgment in behalf of the State Highway Department. It was held that the duty rested upon the Highway Department to not only keep the paved portion of the highway in reasonably safe condition for motor travel, but to so maintain the shoulders as will meet the reasonable needs of motorists. The Court goes on to state that many ruts exist in the shoulders of the paved roads of this state and are imperfections of everyday character, and when a motorist leaves the paved portion of a road and drives along the shoulder or some part thereof, the danger to his safety is increased, and in such situation he is required to exercise a higher degree of care. The pivotal point upon which the case was reversed is that the driver of the car offered no reason for driving into the rut alongside of the pavement or that it was necessary for her to do so under the circumstances, but contented herself with the mere statement that nothing attracted her attention until she drove into the hole, and if she had looked, which it was her duty as the driver

to do, she could have easily seen where she was going and avoided the rut.

In the instant case appellant's driver testified he drove far to the right and partially into the paved gutter which is level with the street, so as not to strike an automobile parked immediately to his left, and did not see the overhanging limb, nor was his attention attracted to it because of his concentration upon the roadway ahead since he was approaching an intersection with traffic controls and in the area wherein a public school was located.

The evidence has to be construed most favorably to appellant, and from our study thereof we find more than one reasonable inference may be drawn therefrom. The negligence of the driver, or his contributory negligence, is not found as a matter of law in the evidence, but is an issue which should have been submitted to the jury.

Appellant's exceptions are sustained, the lower Court reversed, and the case remanded for a new trial.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.