## 19180

John V. HAMMETT, Respondent, v. CITY OF SPARTANBURG, Appellant

(179 S. E. (2d) 614)

*T. E. Walsh, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Burts, Turner & Hammett,* of Spartanburg, *for Respondent,*

March 1, 1971.

Moss, Chief Justice:

This action was instituted by John V. Hammett, the respondent herein, against the City of Spartanburg, the appellant herein, to recover damages for bodily injury alleged to have been sustained by him through a defect in or the negligent repair of a city street. This action was brought under Section 47-70 of the 1962 Code which permits any person who shall receive bodily injury through a defect in any street within the limits of any city or town to recover actual damages sustained by him by reason thereof, if such person has not in any way brought about such injury or damage by his own negligent act or negligently contributed thereto.

It is unnecessary for us to state the allegations of negligence set forth in the respondent's complaint. In this appeal no issue is made as to the negligence of the appellant and we assume that such is conceded.

The answer of the appellant is a general denial and sets up a plea of contributory negligence, it being alleged that the respondent negligently contributed to his own injury: (1) in operating his automobile at an excessive rate of speed; (2) in failing to keep a proper lookout; and (3) in operating his automobile without taking any precaution for his own safety.

The case came on for trial before The Honorable Charles M. Pace, Judge of the Spartanburg County Court, and a jury, at the 1969 September Term thereof, resulting in a verdict in favor of the respondent.

At appropriate stages of the trial the appellant made motions for a nonsuit and directed verdict in its favor, and, after the verdict for judgment *non obstante veredicto* or, in the alternative, for a new trial. These motions were refused and this appeal followed.

The sole issue on appeal is whether the trial judge committed error in refusing to hold, as a matter of law, that the respondent was guilty of contributory negligence and was, thereby, precluded from any recovery in this action.

In determining whether or not there was any evidence to go to the jury on the issue of contributory negligence, we are required to view the evidence in the light most favorable to the respondent. *Coffee v. Anderson County*, 224 S. C. 477, 80 S. E. (2d) 51. However, Section 47-70 of the Code places upon the respondent, in an action such as this, the burden of proving his freedom from contributory negligence but the issue of his contributory negligence is for the jury, unless there is a total lack of evidence to support the respondent's allegation of freedom therefrom. *Floyd v. Town of Lake City*, 231 S. C. 516, 99 S. E. (2d) 181.

It appears that on Sunday, November 19, 1967, about 9:45 A. M., the respondent was operating his automobile in a southerly direction on South Liberty Street in the City of Spartanburg. The respondent testified that as he approached the intersection of South Liberty Street and East Henry Street, the latter being under construction, he slowed his car to almost a stop because the car in front of him, operated by one Anderson, had reduced its speed to allow a preceding car to execute a right turn onto East Henry Street. The respondent stated that after following the Anderson car through the intersection, he drove his car to the left in order to pass the said automobile and in driving to the left a front wheel of his automobile hit a hole in the street, thereby causing his foot to suddenly depress the accelerator pedal, all of which caused him to lose control of his car and to hit a tree located adjacent to the curb on South Liberty Street. The respondent estimated his speed at the time he attempted to pass the Anderson car at 20 to 25 miles an hour. A witness following in the second car behind the respondent testified that, in his opinion, the respondent was traveling at a speed of 20 to 25 miles per hour prior to striking the hole in the street. A witness in behalf of the appellant testified that the respondent was traveling at an incredible rate of speed, estimated to be about 60 miles per hour and still accelerating.

The respondent further testified that he was familiar with South Liberty Street but had not driven thereon for several months. He said that he was looking ahead as he drove along the street and did not see the hole therein because he was watching the car in front of him. The respondent also testified that he was not aware of any holes in the street.

Several witnesses described the holes in South Liberty Street as being 10 to 12 inches deep and were not noticeable "until you got right there on them." Two witnesses testified that they notified the appellant of the existence of the holes in South Liberty Street. This notice was given several days

prior to November 19, 1967, this being the date on which the respondent received his injury. There was testimony in behalf of the appellant denying the existence of the holes in the street but admitting that there were some rough spots where a railroad crossing had been removed.

In *Bruce v. City of Spartanburg*, 187 S. C. 322, 197 S. E. 823, we held that the duty is on the municipal corporation to keep its streets reasonably safe for use by those entitled thereto, and that persons using city streets, although held to exercise of due care therein, have the right to assume that the city has discharged and exercised ordinary care in keeping the streets in reasonably safe condition.

Under the evidence, some of which was in conflict, the question of whether the respondent was contributorily negligent was one for the jury. There was no error on the part of the trial judge in so submitting such issue.

The judgment below, is

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.